Gary Paul **PELLER**, minor, by and through his next friend and legal guardian, Hal Peller

v.

**RETAIL CREDIT COMPANY** et al.

Civ. A. No. 17900.

United States District Court,
N. D. Georgia,
Atlanta Division.

June 5, 1973.

Larry W. Thomason, Decatur, Ga., for plaintiff.

Hansell, Post, Brandon & Dorsey, Atlanta, Ga., for Retail Credit Co.

Lokey & Bowden, Atlanta, Ga., for Robley Hats, Inc.

Paul L. Hanes, W. Wray Eckl, Atlanta, Ga., for Lincoln M. Zonn, Inc.

## ORDER

O'KELLEY, District Judge.

The above-named action is before the Court on motions for summary judgment filed by Lincoln Zonn (hereinafter Zonn) and Robley Hats, Inc. (hereinafter Robley). Plaintiff brings this action alleging that the defendants have violated certain sections of the Fair Credit Reporting Act, 15 U.S.C. § 1681 and have violated the plaintiff's right to privacy. The plaintiff also charges the defendants with libelous and slanderous conduct in violation of the laws of Georgia.

The complaint alleges that on or about January 26, 1973, the plaintiff applied for employment with defendant Robley and was requested by that defendant to submit to a polygraph examination administered by defendant Zonn. After being told that this was the normal and customary employment practice of defendant Robley, the plaintiff voluntarily submitted to the polygraph examination. The following day, an agent of defendant Robley informed the plaintiff that he had not passed the polygraph examination and would not be hired. Subsequently, the plaintiff obtained a position with the Arthur Andersen Company. He continued working with Arthur Andersen until February 7, 1973, when he was involuntarily discharged by the personnel manager of said' company. The Arthur Andersen Company gave as the reason for the termination, the fact that in checking the Consumer Credit Report of the plaintiff on file with defendant Retail Credit Company, the Arthur Andersen Company learned that the results of the polygraph examination administered to the plaintiff indicated certain adverse information including the fact that the plaintiff had used Marijuana in the past. On February 8, 1973, the plaintiff went to the national headquarters of Retail Credit in Atlanta, Georgia, and confirmed the fact that the plaintiff's Consumer Credit Report contained information allegedly obtained from the polygraph examination.

Having reviewed the provisions of the Fair Credit Reporting Act, the Court hereby determines that the provisions of that Act are not applicable to defendants Zonn and Robley. The Act places certain requirements on consumer reporting agencies and on users of consumer credit information. Civil liability is provided for in §§ 1681n and 1681o in cases of willful and negligent noncompliance with these requirements.

A "consumer reporting agency" is defined as:

". . . any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the process of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports." *Id.* § 1681a(f). "The term 'consumer report' means any written, oral or other communication of any information by a *consumer reporting agency* bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for (1) credit or insurance to be issued primarily for personal, family, or household purposes, or (2) employment purposes, or (3) other purposes authorized under § 1681b of this Title. The term does not include (A) any report containing information solely as to transactions or experiences between the consumer and the person making the report; . . ." *Id.* § 1681a(d).

Under the facts as alleged, it does not appear that Zonn or Robley engages in whole or in part in the process of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports. Likewise, information given by Zonn to its clients does not constitute a consumer report as the Act specifically excludes from its definition of "consumer report," "any report containing information solely as to transac-

tions or experiences between the consumer and the person making the report." See 15 U.S.C. § 1681a(d).

Sections 1681d and 1681m of the Act provide the requirements imposed upon users of consumer information. The allegations of the complaint do not state a violation of either of these two sections of the Act.

■ As a limitation on liability under the Act, 15 U.S.C. § 1681h(e) provides:

"Except as provided in § 1681n and § 1681o of this title, no consumer may bring any action or proceeding in the nature of defamation, invasion of privacy or negligence with respect to the reporting of information against any consumer reporting agency, any user of information, or any person who furnishes information to a consumer reporting agency, based on information disclosed pursuant to § 1681g, § 1681h, or § 1681m of this title, except as to false information furnished with malice or willful intent to injure such consumer."

Since the plaintiff has not alleged malice or willful intent by these two defendants, there can be no action for libel, slander, or invasion of right of privacy under this Act.

■ Once the federal cause of action under the Fair Credit Reporting Act falls, the pendent state claims must also fall as no independent ground for jurisdiction exists as to these claims. Complete diversity of jurisdiction does not exist between the plaintiff and the defendants and there can be no pendent jurisdiction absent a federal cause of action.[1]

For these reasons, the Court hereby grants the motions to dismiss the defendants Zonn and Robley.

It is so ordered this 5th day of June, 1973.

1. See generally, United Mine Workers of America v. Gibbs, 382 U.S. 809, 86 S.Ct. 59, 15 L.Ed.2d 58 (1966).

Redden v. Cincinnati, Incorporated, 347 F.Supp. 1229 (N.D.Ga.1972).