George V. HANSEN and Connie Hansen, husband and wife, Plaintiffs,

v.

Mel MORGAN and Nate Morgan Jewelers of Pocatello, Inc., an Idaho Corporation, Defendants.

No. 4–74–34.

United States District Court, D. Idaho.

Jan. 15, 1976.

Runft & Longeteig, Boise, Idaho, for plaintiffs.

William D. Olson, Patricia L. McDermott, Pocatello, Idaho, for defendants.

## OPINION AND ORDER

RUSSELL E. SMITH, District Judge.

The defendant Nate Morgan Jewelers of Pocatello, Inc. is a corporation, and the defendant Melvin Morgan is its principal stockholder and chief executive. The corporation was a member of the Pocatello Credit Bureau, and as such was entitled to receive credit reports from the Bureau.

In 1974 the plaintiff George V. Hansen was the Republican nominee for Congress in the Second District of Idaho. Defendant Melvin Morgan was asked by one Rose Bowman to get a credit report on the plaintiff George V. Hansen. Using the defendant corporation's membership in the credit bureau, defendant Mel Morgan procured a credit report[1] and delivered it to Orval Hansen, who was the then congressman from the Second District, but who had been defeated by the plaintiff George V. Hansen in the Republican primary. The report ultimately reached the House Administration Committee, which was then investigating George V. Hansen's campaign financing.

Plaintiffs seek relief under the Fair Credit Reporting Act, 15 U.S.C. § 1681, alleging that the defendants wilfully and negligently failed to comply with Sections 1681a, b, and e, and "other related sections" of 15 U.S.C. § 1681.

Section 1681 states the congressional findings and purpose. Section 1681a is a definition section. Section 1681b relates solely to consumer reporting agencies, and not to users, as the defendants here were. The same is true of Section 1681c. Section 1681d refers solely to investigative reports. The report here involved is not an investigative report. Sections 1681e, f, and g relate solely to consumer reporting agencies, as do Subsections 1681h(a), (b), (c), and (d). Subsection 1681h(e) will be considered more fully in

answer to the claim on which plaintiffs most strongly rely. Sections 1681i, j, k, and l relate to consumer reporting agencies. Section 1681m does impose duties on the user but only in those cases where, as a result of information received from a credit reporting agency, or others, credit has been denied or the charge for it increased. No credit was involved here. Defendants did not violate any of the sections or subsections of Section 1681 imposing duties. *See Belshaw v. Credit Bureau of Prescott*, 392 F.Supp. 1356 (D.Ariz.1975).

Plaintiffs do not seriously contend that any of the sections and subsections mentioned, except Section 1681h(e) form a basis for liability, but do contend that Subsection 1681h(e), taken in conjunction with Sections 1681n and o, authorizes relief. Section 1681h(e) provides:

> Except as provided in sections 1681n and 1681o of this title, no consumer may bring any action or proceeding in the nature of defamation, invasion of privacy, or negligence with respect to the reporting of information against any consumer reporting agency, any user of information, or any person who furnishes information to a consumer reporting agency, based on information disclosed pursuant to section 1681g, 1681h, or 1681m of this title, except as to false information furnished with malice or willful intent to injure such consumer.

As indicated, the Act does impose upon consumer reporting agencies, and upon the users of consumer reports, certain duties. Sections 1681n and o provide remedies conditioned upon either wilful or negligent failures to comply with the imposed duties. However, in the absence of a violation of some other section of the Act, there is no liability under Sections 1681n and o. If it was the congressional intent that Subsection 1681h(e) should extend the liability imposed by Sections 1681n and o, then the extension goes no further than to create a right where false information is fur-

---

1. The report contained the name of Connie Hansen, wife of George V. Hansen.

**1320**

nished with malice or wilful intent to injure.

The witness MacButch, once a defendant, manager of the credit bureau, testified that the report disclosed an excellent credit rating, and that was not denied. It is not alleged, nor is there any claim advanced in plaintiffs' briefs, that the report was false, and the record here discloses that it was not. In his deposition, the plaintiff George V. Hansen testified, at p. 35:

Q. As far as the information you obtained from Mr. MacButch on the morning of August 26, was any of the information included in the reports he had incorrect?

A. I do not recall anything that was substantially incorrect from the information that was shown to me at that time.

and again, at p. 51:

Q. To your knowledge, did the report contain any untruthful statement?

A. Not to my knowledge.

Q. And it did not—

A. But I am not sure I know what was in the report.

and again, at pp. 86–87:

Q. And, in fact, wasn't the report overall a flattering report?

A. I am not certain that there was anything derrogatory (sic) in the report, but I believe that the fact is that this is a private matter, that such a question is actually depriving me of the right to privacy, which I am actually fighting for in this case.

I intimate nothing with respect to any claim that plaintiffs may have under the laws of Idaho. If a claim exists, and if I am empowered to exercise pendent jurisdiction with respect to it, I exercise my discretion not to do so. *United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966), and *see Belshaw Credit Bureau of Prescott, supra*.

Defendants' motion for summary judgment is granted, and plaintiffs are denied all relief.

Let judgment be entered accordingly.