Mrs. P. J. MIDDLEBROOKS and Mr. H. T. Middlebrooks,

v.

RETAIL CREDIT COMPANY.

Civ. A. No. 75–158A.

United States District Court,
N. D. Georgia,
Atlanta Division.

June 30, 1976.

Charles H. Davis, Jr., Atlanta, Ga., for plaintiffs.

W. Rhett Tanner, G. Lee Garrett, Hansell, Post, Brandon & Dorsey, Atlanta, Ga., for defendant.

## ORDER

RICHARD C. FREEMAN, District Judge.

This is an action for damages predicated upon defendant's alleged willful and negligent violations of the Fair Credit Reporting Act of 1970, 15 U.S.C. § 1681, *et seq.* Jurisdiction is allegedly predicated upon 15 U.S.C. § 1681p. The action is presently before the court on defendant's motion for summary judgment.

Most of the material facts are not disputed. On or about January 26, 1974, plaintiff H. T. Middlebrooks was arrested in connection with a gambling raid. The arrest was reported in an article contained in the *News Daily* which came to the attention of one of defendant's employees on or about February 1, 1974. Prior to this time, on March 21, 1973, and March 22, 1973, defendant had made an investigative consumer report on H. T. Middlebrooks pursuant to the requests of Safeco Insurance Company [hereinafter "Safeco"] and Cotton States Insurance Company [hereinafter "Cotton States"], respectively. On February 1, 1974, defendant forwarded to Safeco "update information" concerning Mr. Middlebrooks' arrest. Mr. Middlebrooks' car insurance policy was thereafter not renewed by Safeco, partially as a result of defendant's report.

On February 15, 1975, plaintiffs visited Retail Credit's branch office, and requested to see any files that the defendant kept on them. Mr. Kavanaugh, the branch manager, explained that it had no file on Mrs. Middlebrooks, but turned over Mr. Middlebrooks' file to them for their perusal. At the time of the consumer interview with the Middlebrooks, Mr. Kavanaugh allegedly explained that if they disputed the accuracy of any of the information contained therein, the information would be reinvestigated,

verified and the corrected record would be sent to the parties who received the disputed report; however, plaintiffs dispute this statement of fact. On February 21, 1974, Mrs. Middlebrooks wrote to Kavanaugh "object[ing] to the voluntary follow-up of our personal life and character" and the fact that defendant had unilaterally sent the clipping to Safeco, although there had been no ultimate disposition of the criminal charges against Mr. Middlebrooks. On April 29, 1974, pursuant to another request by Cotton States defendant furnished a consumer report/investigative consumer report concerning Mr. Middlebrooks to Cotton States, without any mention of the arguable dispute. A homeowner's policy issued to Mrs. Middlebrooks was thereafter not renewed by Cotton States.

Mr. and Mrs. Middlebrooks again phoned Mr. Kavanaugh concerning the allegedly disputed information, i. e., with respect to the place in which Mr. Middlebrooks was arrested. Moreover, plaintiffs requested that the file be amended to reflect that Mr. Middlebrooks had been released on bail and that he was innocent of the charges, but Mr. Kavanaugh stated that he was not required to include such information.

Plaintiffs have alleged that defendant violated the Act in the following instances: (1) that the procedures utilized to furnish "update" information to Safeco violated § 1681e(a) which requires "consumer reporting agencies" to maintain reasonable procedures designed to avoid violations of the Act and to assure that information furnished is for purposes defined as permissible within § 1681b(3) of the Act; and (2) by not informing them of their rights to file a written statement disputing the date contained in their consumer investigative report. *See generally,* 15 U.S.C. § 1681i.

Retail Credit, as a "consumer reporting agency" within the meaning of § 1681a(f), is, therefore, charged with adopting "reasonable procedures" to insure that the information it compiles is correct. 15 U.S.C. § 1681e(b). Similarly, such an agency is limited to dissemination of information to a "person which it has reason to believe" will use the information for an exclusive list of purposes defined as permissible under § 1681b. One such purpose, relative to our inquiry herein is the furnishing of information to one whom the agency reasonably believes "intends to use the information in connection with the underwriting of insurance involving the consumer." 15 U.S.C. § 1681b(3)(C). The Act also provides for certain procedures whereby an individual may learn of the contents of any file containing information relevant to him. *See* § 1681g. The major purpose of the Act is to ensure the reliability of information collected on consumers. *See* 15 U.S.C. § 1681(a). This purpose is accomplished in the first instance by requiring the credit agency to adopt "reasonable procedures to assure maximum possible accuracy," 15 U.S.C. § 1681e(b), as well as by permitting the consumer individual access to his file and the opportunity to distribute his own statement of dispute to any potential credit. *See* §§ 1681g, 1681i.

Plaintiffs have contended that defendant failed to adopt such "reasonable procedures" to assure such accuracy as required by 15 U.S.C. § 1681e(b). However, this court need not reach the issue of "reasonableness" if it finds initially that the report furnished was accurate. Thus, in *Peller v. Retail Credit Company,* Civil Action No. 17900 (N.D.Ga. Dec. 6, 1973), *aff'd mem.* 505 F.2d 733 (5th Cir. 1974). Judge O'Kelley held that "in order to pursue a cause of action predicated upon willful or negligent violation of 15 U.S.C. § 1681e(b), the report sought to be attacked must be inaccurate." *Accord Austin v. BankAmerica Service Corp.,* Civil Action No. 19267 (N.D. Ga. June 1, 1974) (Moye, J.). *See Hansen v. Morgan,* 405 F.Supp. 1318 (D.Idaho 1976). In the instant case, it is clear that plaintiffs never contested the accuracy of the fact that plaintiff was arrested in connection with a gambling raid; on the contrary, they apparently only dispute the place of arrest and argue that some mention should be given that there was no ultimate disposition of the criminal charge against Mr. Middlebrooks. Under these circumstances, we

think that Judge Moye's decision in *Austin* is controlling. In that decision, the plaintiff was allegedly denied credit because of an adverse report from a consumer credit reporting agency that plaintiff had been involved in a certain lawsuit. The plaintiff contended that although he was a defendant, he had been sued in his official capacity as a deputy sheriff, rather than in his individual capacity, and that such distinction was relevant to his credit rating. The court, however, granted the defendant's motion for summary judgment on the grounds that the statement in the credit report was accurate, stating:

> In the instant action *Mr. Austin was in fact named as a defendant in a lawsuit. The fact that he was being sued in his official capacity rather than his individual capacity is an additional fact, which, if known, would enhance a credit report user's ability to evaluate Mr. Austin's credit standing, but did not make the credit report inaccurate.* If this Court were to require Credit Bureau of Atlanta to ascertain the nature of a defendant's capacity in a lawsuit it would be tantamount to requiring consumer credit reporting agencies to evaluate the litigation; whether it is merely for injunctive relief or for damages . . . or the probability of success in a lawsuit against a particular defendant. Requiring such an evaluation would, in this Court's opinion, force compliance beyond the intended scope of the Act. Although the Fair Credit Reporting Act clearly requires consumer reporting agencies to "follow reasonable procedures to assure maximum possible accuracy of the information," the Act does not impose a strict civil liability for an agency's possible inaccuracy of the information upon which the credit report is based.

*Id.,* Slip op. at 3–4.

Since the plaintiffs do not dispute the accuracy *vel non* of the statement that Mr. Middlebrooks was arrested, we, therefore, conclude that plaintiffs are not entitled to recover for willful or negligent violation of 15 U.S.C. § 1681e(b). *Id. Peller, supra. See*

*also Fite v. Retail Credit Co.,* 386 F.Supp. 1045 (D.Mont.1975).

While *Peller* and *Austin* both dealt with the "reasonable procedures" requirement, this court is of the opinion that such decisions shed light on whether the accuracy and relevancy of the statement may also immunize defendant from liability under § 1681b, relating to the permissible purposes for which a consumer report may be furnished, and § 1681e(a), relating to "compliance procedures" which an agency must adopt to assure that consumer reports will be furnished only to persons whom the agency has "reason to believe" will use them for a permissible purpose. In the instant case, the undisputed facts show that Safeco had, in 1973, approximately ten months prior to the instant controversy, requested information concerning Mr. Middlebrooks, and that pursuant to such request, Retail Credit made an automobile insurance report on Mr. Middlebrooks. In fact, that report indicated on its face that Mr. Middlebrooks was a Safeco policy holder. § 1681b specifically provides that a consumer report may be furnished to a person which it has reason to believe "intends to use the information in connection with the underwriting of insurance involving the consumer." 15 U.S.C. § 1681b(3)(C). Extrapolating from the decisions in *Peller* and *Austin,* defendant contends that once it is shown that the information was relevant and for a permissible purpose, this court need not inquire into the reasonableness of the underlying procedures adopted by the agency to assure that the information will be furnished for purposes defined as permissible under the Act. We agree.

In the first instance, the language of the Act, particularly § 1681c(a)(5), at least by implication, suggests that information as to "records of arrest, indictment, or conviction . . . ." subject, of course, to certain time limitations are relevant factors that may be considered in the grant or denial of credit as well as for other permissible purposes defined by the Act. *See Fite v. Retail Credit Co., supra.* Moreover, in the instant case, it is clear that at the time that

defendant sent its "follow-up" or "update information" to Safeco concerning the arrest, Mr. Middlebrooks was insured by a policy of automobile insurance issued by Safeco.[1] Finally, there is undisputed evidence that insurers consider arrest records, among other factors, relevant in the underwriting of insurance, and that such information is routinely included in consumer reports relating to the initial application for automobile insurance. Since the information furnished herein, was made as a follow-up to such an initial request for information, was accurate, and was furnished for a permissible purpose, as a matter of law, this court need not inquire into the reasonableness of the belief of defendant's employee that such information was relevant, nor must the court inquire as to the reasonableness of the procedures adopted. *Cf. Peller, supra ; Austin, supra.* Accordingly, we conclude that defendant cannot be liable for violation of § 1681e(a).

Plaintiffs also allege in their complaint that defendant violated § 1681d(a), which section purports to make persons liable who "procure or cause to be prepared an investigative consumer report on any consumer" for any purpose outside the explicit purposes made permissible under the Act. It is clear, however, from the precise language of the Act that § 1681d, applies to "persons" as that term is defined in § 1681a(b), as distinguished from the very specific language defining a consumer reporting agency contained in § 1681a(f). As the terms are used in § 1681d, it is apparent that the "procurer" if any in this action is Cotton States or Safeco rather than the defendant agency. Moreover, plaintiffs apparently no longer contend otherwise and have filed no objections to this portion of defendant's motion for summary judgment. *See* Local Rule 91.2. Accordingly, we con-

clude that defendant has not violated 15 U.S.C. § 1681e(a).

The remainder of defendant's motion for summary judgment attacks plaintiffs' claims that defendant has failed to adequately disclose to plaintiffs the consumer information maintained by defendant, *see* 15 U.S.C. § 1681g, and further failed to follow the procedures set forth by the Act in cases of disputed accuracy. *See* 15 U.S.C. § 1681i. When disclosure of a file is made to a consumer, as authorized by § 1681g, and a dispute as to the *accuracy* of the contents of the report surfaces, the agency is required to "reinvestigate and record the current status" of the contested data within a reasonable time. 15 U.S.C. § 1681i(a). If the dispute is not resolved by means of the agency's reinvestigation, the consumer has the right to file a short statement of the nature of the dispute which must be included in his file and disseminated with any subsequent credit report. 15 U.S.C. § 1681(b). Similarly, if the reinvestigation results in a deletion or correction of statements or a notation has been included in the file as to disputed accuracy, the agency, pursuant to a request from the consumer, must notify any person who has received a report within the previous six months. 15 U.S.C. § 1681i(d).

Plaintiffs apparently argue that defendant failed to adequately inform them of their initial *right* to make a statement of the nature of the dispute which must be included in their file, as required by § 1681i(b). Plaintiffs arguments, however, are deficient in two respects. In the first instance, the statutory procedures need only be followed when there is a dispute as to the "completeness or accuracy" of an item of information. 15 U.S.C. § 1681(a). However, we have previously stated the data as to plaintiff's arrest was accurate as a matter of law, and thus, defendant was correct

---

1. Plaintiffs have contended that since Mr. Kavanaugh, the defendant's manager, who made the decision to forward the information as to the arrest to Safeco did not himself know at the time the information was sent that Mr. Middlebrooks held a Safeco policy, that the agency could not have "reason to believe" that such

information would be used for a permissible purpose. However, by analogy to the *Peller* and *Austin* decisions, this court concludes that inquiry into Kavanaugh's subjective belief would be futile since the information was relevant and was sent to Middlebrooks' insurer.

in asserting that it was not compelled by the law to put any notation as to the dispute in the plaintiff's file. Moreover, insofar as plaintiffs attempt to assert that an independent violation of the Act may be founded upon defendant's alleged failure to inform them of their "right" to file a "statement of dispute", their arguments are foreclosed by a recent decision of this court in *Capps v. Credit Bureau of Griffin*, C–75–54–N (N.D.Ga. May 31, 1976). In that decision, Judge Henderson held that § 1681i(b) merely provides that a consumer "may" file a brief statement setting forth the nature of the dispute, but that there was no affirmative duty imposed by the Act requiring the agency to inform consumers of such procedures. In the same sense, it is equally clear that Retail Credit may not be held accountable for failing to inform the consumer of his right to have corrected records or a statement of dispute sent to others who have already received the report. Thus, plaintiffs have failed to satisfy either prerequisite to the applicability of § 1681i(d); that is, there has never been a deletion from their record because of inaccuracy or unverifiability of the information as to the arrest, nor has there been included "any notation as to the disputed information." *Id.* Slip op. at 4, n.4. We, therefore, conclude that defendant has not violated § 1681i(d) which requires the agency to "clearly and conspicuously disclose" to the consumer the right to designate persons to receive a corrected or amended report in the absence of either a deletion or the filing of a statement of dispute by the consumer.

■ Mrs. Middlebrooks has also asserted certain violations of the Act which are unique to her. In particular, she asserts that defendant has violated §§ 1681(b) and 1681g on the grounds that defendant has continuously denied maintaining a "file" on her and has refused to disclose whatever information it maintains on her. Moreover, she notes that although defendant purportedly does not possess such a file, a homeowner's policy issued in her name by Cotton States was not renewed on the basis of information furnished to Cotton States by

the defendant. Section 1681a(c) defines "consumer" to mean "an individual", and the term "file" is defined by the Act as follows:

> [t]he term "file", when used in connection with information on any consumer, means all of the information on that consumer recorded and retained by a consumer reporting agency *regardless of how the information is stored.*

15 U.S.C. § 1681a(g). (emphasis supplied)

It is beyond dispute that certain letters written by Mr. Middlebrooks contain references to his wife and that letters written by Mrs. Middlebrooks are contained in her husband's files. Similarly, it cannot be reasonably disputed that such information is recorded and retained by defendant. Thus, it is apparent that while in the generic sense, defendant does not maintain a separate "file" on Mrs. Middlebrooks, information as to Mrs. Middlebrooks is recorded and retained by defendant. As the plaintiffs point out, "it may be titled H. T. Middlebrooks, but it is neverless [sic], a file on her." However, while it is clear that defendant has technically denied the existence of a "file" on Mrs. Midddlebrooks, the undisputed evidence reveals that the full contents of the H. T. Middlebrooks file has been disclosed to Mrs. Middlebrooks on several occasions. Accordingly, we conclude that defendant has not committed any violations of the disclosure provisions of the Act with respect to Mrs. Middlebrooks.

Accordingly, for the reasons hereinabove expressed, defendant's motion for summary judgment is hereby GRANTED.