**Edgar TODD, Jr. and Alice Todd**

v.

**ASSOCIATED CREDIT BUREAU SERVICES, INC., General Credit Control, Inc. and Hess', Inc.**

**Civ. A. No. 76–1456.**

United States District Court,
E. D. Pennsylvania.

Sept. 9, 1977.

Richard J. Orloski, Stuart Shmookler, Allentown, Pa., for plaintiff.

Raymond K. Denworth, Jr., Philadelphia, Pa., for Assoc. Credit.

Joseph F. Leeson, Bethlehem, Pa., for Hess'.

John E. Roberts and Dennis W. Alexander, Allentown, Pa., for Gen. Credit.

## MEMORANDUM OF DECISION

McGLYNN, District Judge.

Plaintiffs bring this action against the three defendants, Hess', Inc., (Hess'), General Credit Control, Inc., (General), and Associated Credit Bureau Services, Inc., (Associated), alleging that each committed violations of the Fair Credit Reporting Act.[1] No material facts are controverted and all parties have filed motions for summary judgment. After a thorough examination of the arguments for both sides, I must conclude that the defendants have not violated the Act. Therefore, I shall grant summary judgment in favor of all defendants. The facts follow.

In October, 1972, the plaintiffs' account with Hess' reached a high balance in excess of $1,200.00. Collection letters sent at Hess' request by Associated produced no results and Hess' charged off the amount to profit and loss. Thereafter, Hess' turned over the account to General for collection. General accomplished this task by arranging for the plaintiffs to make periodic payments against the balance, and by September, 1974, the Todds had extinguished their debt to Hess'. As late as November, 1975, however, the Todds' credit report showed that, as of the early part of 1973, the plaintiffs owed Hess' $1,200.00. The report contained no mention that the Todds eventually had paid off their debt.

The plaintiffs' primary claim for relief alleges that the misleading, stale, and erroneous credit report distributed to various retailers by Associated rose to the level of negligent noncompliance with the Act, 15 U.S.C. § 1681o. As their secondary claim for relief, plaintiffs allege that Associated violated the Act by failing to inform them of their right, under 15 U.S.C. § 1681i(d), to request Associated to notify any person who had received a customer report within the last six months that the consumer report contained inaccurate information.

The purpose of the Fair Credit Reporting Act is

. . . to require that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information in accordance with the requirements of this subchapter.

15 U.S.C. § 1681. If plaintiffs are to prevail in this action, they must prove initially that the defendants are consumer reporting agencies as defined in the Act. *Porter v. Talbot Perkins Children's Services*, 355 F.Supp. 174, 176 (S.D.N.Y.1973).

I believe that neither Hess' nor General falls within this definition. As explained by the Court in *Porter,*

[e]ssentially, this definition contains four links. (1) The consumer reporting agency must act for monetary fees, dues, or on a cooperative non-profit basis; (2) it must regularly engage in whole or in part in gathering or evaluating information on consumers; (3) the purpose of such activity must be the distribution of information to third parties engaged in commerce; and (4) the agency must use a facility of interstate commerce to prepare or distribute the reports.

355 F.Supp. at 176–7. None of the four elements of the definition exist in this case. Hess' is a retail department store; General is a collection agency for overdue and delinquent accounts payable. Looking at their activities in the light most favorable to the plaintiffs, Hess' and General disclose either to each other or to Associated only their personal experiences in dealing with the Todds. In *Porter,* the Court relied upon Federal Trade Commission guidelines which, in interpreting the phrase "consumer credit agencies" stated:

---

1. 15 U.S.C. § 1681 et seq.

. . . giving out a firm's own ledger experience does not make it a consumer reporting agency or the information a consumer report. In order to be a consumer reporting agency, the firm must engage "in whole or in part" in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties. When a firm gives its own credit experience on a consumer to a credit bureau, that information does not constitute a consumer report.

355 F.Supp. at 177. *See* 15 U.S.C. § 1681a(d)(A). Because neither Hess' nor General can be considered a consumer reporting agency as defined in the Act, I shall grant summary judgment in their favor.

Associated, as compared with the above two defendants, admits that it acts as a credit reporting agency within the meaning of the Act. As such, its statutory obligation is to " . . . follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b). The Court, however, does not need to reach the issue of reasonableness if it finds initially that the report furnished was accurate. *Middlebrooks v. Retail Credit Co.,* 416 F.Supp. 1013, 1015 (N.D.Ga.1976). *See Roseman v. Retail Credit Co., Inc.,* 428 F.Supp. 643 (E.D.Pa. 1977). In *Middlebrooks,* the credit report revealed that plaintiff had been arrested in connection with a gambling raid. Plaintiff did not question the accuracy of the credit report statement concerning his arrest; instead, plaintiff disputed only the place of arrest and argued that the credit report should have contained some mention that there was no ultimate disposition of the criminal charge against plaintiff. The Court, following *Peller v. Retail Credit Co.,* 359 F.Supp. 1235 (N.D.Ga., filed Dec. 6, 1973), *aff'd. mem.,* 505 F.2d 733 (5th Cir. 1974), rejected plaintiff's argument and held that, " ' . . . in order to pursue a cause of action predicated upon willful or negligent violation of 15 U.S.C. § 1681e(b), the report sought to be attacked must be inaccurate.' (citations omitted)." 416 F.Supp. at 1015.

In the present case, the Todds do not dispute: that their account reached a high balance of $1,200.00 in October, 1972; that Hess' charged the debt to profit and loss; and that Hess' placed the account for collection with General. These facts are unquestionably accurate and are extremely important to merchants and retailers in deciding whether or not to extend credit to persons such as the plaintiff. Because the report is not inaccurate, I must conclude, in accordance with *Middlebrooks,* that the Todds can not sustain their cause of action.

Plaintiffs also complain that Associated violated the Act by disclosing stale and obsolete information. The plaintiffs' position is unfounded, however, because the Act proscribes the disclosure of information such as that involved here only where the information antedates the report by more than seven years. 15 U.S.C. § 1681c(a)(4). The facts of the case establish that fewer than four years had elapsed from the time that the Todds' account reached the $1,200.00 balance to the time that plaintiffs filed their complaint. Therefore, I find that Associated did not report obsolete information in violation of the Act.

Upon the finding that Associated reported accurate information, the Todds' secondary claim for relief under 15 U.S.C. § 1681i(d) must also fall. That section requires the consumer reporting agency to disclose to the consumer his right to request the consumer reporting agency to notify certain designated persons of the deletion from the report of information found to be inaccurate. Once again, I must state that the Todds' consumer report contained no inaccurate information. Therefore, no deletions were necessary and no deletions were made. Moreover, the Act imposes no affirmative duty on the consumer reporting agency to inform the consumer of such procedure. *Middlebrooks,* at 1018; *Roseman,* at 646. For the above reasons, I conclude that the Todds have failed to prove that Associated violated the Act.

Accordingly, I shall grant each defendant's motion for summary judgment and I shall deny the plaintiffs' motion for partial summary judgment.