**Edward C. WRIGHT, Plaintiff,**

**v.**

**TRW CREDIT DATA, City National Bank Corporation Credit Bureau Inc., a Georgia corporation and Alberto Duque, a resident of Bogota, Colombia, Defendants.**

**No. 83–3162–CIV–JLK.**

United States District Court,
S.D. Florida.

July 24, 1984.

Henry A. Edgar, Jr., Miami, Fla., for plaintiff.

John H. Hickey, Miami, Fla., for Credit Bureau.

Jerold Budney, Miami, Fla., for TRW.

Lawrence Kellogg, Miami, Fla., for Duque.

Mitchell Bloomberg, Miami, Fla., for City Nat. Bank.

## ORDER OF DISMISSAL

JAMES LAWRENCE KING, District Judge.

THIS CAUSE comes before the court upon the defendants' Motion to Dismiss.

The plaintiff alleges that the defendants City National Bank of Miami (CNBM), CNBM's officer, Richard Pinks, City National Bank Corporation (CNBC), CNBC's Chief Executive Officer Alberto Duque, the Credit Bureau, Inc., and TRW Credit Data conspired to violate plaintiff's rights under the Civil Rights Act, 42 U.S.C. §§ 1983 and 1985 (1980), the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*, and Florida statute § 812.035(7) (1976). Beyond his conclusory allegations, the plaintiff contends that although he had not defaulted on an automobile installment loan negotiated with City National Bank of Miami, CNBM wrongfully repossessed plaintiff's automobile which was the subject of that loan. The plaintiff maintains that CNBM and its holding company, City National Bank Corporation, on the basis of their repossession, then supplied the Credit Bureau and TRW, both credit reporting agencies, with information characterizing the plaintiff as a very poor credit risk. The plaintiff charges that the Credit Bureau and TRW wrongfully refused to change plaintiff's credit rating despite plaintiff's requests, and that as a result of the credit bureaus' poor reports the plaintiff has been defamed and rendered unable to obtain credit elsewhere.

A motion to dismiss plaintiff's original complaint was granted by this court on February 29, 1984. The plaintiff

has now filed an amended complaint containing allegations substantially similar to those originally pled. In the complaint, the plaintiff alleges that the defendants have violated 42 U.S.C. §§ 1983 and 1985 in acting under color of law to deliberately and recklessly disregard plaintiff's property rights and the protection of his credit reputation. However, the court finds that the plaintiff has failed to state a claim upon which relief can be granted under the Civil Rights Act. An essential element of a claim under section 1983 is a showing that the deprivation of the right in question was caused by a defendant acting under color of state law or that "state action" is otherwise involved. *Luger v. Edmondson Oil Company,* 457 U.S. 922, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982); *Flagg Brothers, Inc. v. Brooks,* 436 U.S. 149, 98 S.Ct. 1729, 56 L.Ed.2d 185 (1979). A section 1983 action requires specific allegations of involvement by state officials or by private individuals acting with knowledge of and pursuant to state law. *Id.* In the absence of allegations that private defendants acted in complicity with state and federal authorities, an action cannot be maintained under section 1983. The plaintiff's 1983 claim in the amended complaint alleges no such state action or action under color of law and as such must be dismissed.

■ The plaintiff has also failed to state a claim upon which relief can be granted under section 1985. Section 1985(2) deals with conspiracies to obstruct justice or deny or interfere with equal protection of the law and section 1985(3) addresses conspiracies to deprive persons of equal protection. In his amended complaint, plaintiff fails to sufficiently allege a conspiracy between the City National Bank of Miami, the City National Bank Corporation and Pinks to "convert" the plaintiff's automobile. The plaintiff states that co-defendant Duque "conspired, confederated, agreed and acquiesced in his bank's erroneous and malicious reporting of plaintiff's credit to TRW and the Credit Bureau..." However, mere characterization of a defendant's conduct as conspiratorial or unlawful does not set out allegations upon which

relief can be granted under the Civil Rights Act. *Hill v. McClellan,* 490 F.2d 859, 860 (5th Cir.1974). The complaint is likewise devoid of any cognizable claim of the denial of equal protection. It alleges that the repossession of plaintiff's auto would not have occurred "were it not that the plaintiff is black." However, such a passing allusion to racial bias is insufficient to allege a racially discriminatory conspiracy under section 1985.

■ With regard to plaintiff's claim for relief under the Fair Credit Reporting Act (FCRA), it is axiomatic that no claim can be stated under this provision unless the plaintiff demonstrates that the report which he challenges was inaccurate. *See Equifax, Inc. v. Federal Trade Commission,* 678 F.2d 1047, 1051 (11th Cir.1982). The plaintiff contends that the credit report issued by TRW and the Credit Bureau is erroneous in that it reports a "repossession" by City National of plaintiff's auto. However, the plaintiff concedes that his auto was in fact repossessed by the bank; he merely contends that such repossession was an illegal conversion and that the credit bureaus' failure to also report plaintiff's dispute with the bank over the propriety of the repossession renders the report inaccurate. The court disagrees with plaintiff's contention, for no claim under the FCRA can be stated when the sole alleged error is a failure to report updated or explanatory information. *Colletti v. Credit Bureau Services, Inc.,* 644 F.2d 1148, 1151 (5th Cir.1981).

■ The plaintiff's claim under the Florida statutes must also be dismissed, as this court has no independent basis for jurisdiction. Since the plaintiff has failed to state a claim under the Civil Rights Act or under the Fair Credit Reporting Act, no federal question has been properly alleged. There thus can be no pendent jurisdiction over the state law claim. Plaintiff's allegation of diversity jurisdiction is likewise unfounded, for the plaintiff is a resident of Florida and defendant City National Bank of Miami a Florida corporation.

Accordingly, the court does:

ORDER and ADJUDGE that the defendants' Motion to Dismiss be, and it is, GRANTED. The action is DISMISSED.