Philip **BOOTHE**, Plaintiff,

v.

**TRW CREDIT DATA**, Defendant.

**No. 88 Civ. 9139 (SWK).**

United States District Court,
S.D. New York.

July 12, 1991.

Philip Boothe, pro se.

Townley & Updike by Mark S. Sullivan and John P. Bostany, New York City, for defendant.

## MEMORANDUM OPINION AND ORDER

KRAM, District Judge.

Plaintiff *pro se* Philip Boothe brings this action alleging defendant TRW Credit Data's ("TRW") violation of Sections 607(b) and 611 of the Fair Credit Reporting Act ("FCRA" or the "Act"), 15 U.S.C. §§ 1681e(b) and 1681i. The substance of Boothe's complaint is that he was denied credit as the result of TRW's having published an inaccurate credit profile.

Presently before the Court is TRW's motion, pursuant to Rule 56 of the Federal Rules of Civil Procedure, for an order granting it summary judgment dismissing the complaint. Boothe opposes the motion *pro se.*

## BACKGROUND

TRW is in the business of furnishing credit information to its subscribers, which include banks and other lenders. This information is compiled from public records and from information submitted by the subscribers. TRW organizes this information into credit profiles, which it sends to its subscribers upon request. Consumers may request their credit profile directly from TRW.

In January 1987, Boothe borrowed $200.00 from Avco Financial Services ("AVCO"), a lender serving Southern California. In June 1987, AVCO, as a TRW subscriber, requested and received from TRW Boothe's credit profile. Subsequently, AVCO received no further information relating to Boothe. Affidavit of Gloria Micelli, sworn to May 18, 1990 ("Micelli Aff.") ¶ 17; Plaintiff's Opposing Answer to Defendant's Memo of Law ("Pl. Opp."), Exs. 26–28. AVCO continued to lend money to Boothe, approving a $700.00 loan in June 1987 and an $800.00 loan in October 1987.

On January 5, February 12 and June 15, 1987, TRW mailed to Boothe copies of his credit profile in response to his requests. On or about August 20, 1987, Boothe returned the credit profile dated February 12, 1987 and disputed the profile's inclusion of a bankruptcy petition Boothe had filed in U.S. Bankruptcy Court for the Eastern District of New York in July 1981. On September 25, 1987, Boothe further objected to his credit profile, contending that the reported balance due on a loan from New York State Higher Education Services ("NYSHE") was inaccurate because it failed to reflect several payments he had made to reduce the loan.

In response to these claims, TRW sent a Consumer Dispute Verification ("CDV") form to Service Abstract, a firm that searches court documents and compiles legal data. Service Abstract confirmed the accuracy of Boothe's bankruptcy filing by obtaining a copy of the bankruptcy petition and the court order that ultimately dismissed it. Micelli Aff. ¶ 9, Ex. E. TRW also sent a CDV form to NYSHE to determine the accuracy of the outstanding bal-

ance reported for its loan to Boothe. NYSHE returned the form and confirmed the accuracy of the outstanding loan balance reflected in TRW's records and contained in Boothe's credit profile. Micelli Aff. ¶ 7, Ex. C. In a letter dated December 1, 1987, TRW informed Boothe that both contested items were accurate. *See* Pl. Opp. Ex. C–2.

On December 9, 1987, December 28, 1987 and March 8, 1988, Boothe wrote to TRW requesting that a consumer statement be added to his credit profile noting that he still disagreed with NYSHE and the accuracy of the bankruptcy petition. Pl.Opp., Exs. B–2(a), E, F. On or about March 15, 1988, TRW added a statement to Boothe's credit profile that read: "I dispute the amount NYSHE says I owe," and immediately notified Boothe of its inclusion of such statement. TRW did not include a similar statement for Boothe's bankruptcy petition. Pl.Opp., Ex. 28.

In early May 1988, Boothe applied for, and was denied, a $300.00 loan from AVCO. Pl.Opp., Exs. M & N. Boothe advised TRW of AVCO's action in a letter dated May 16, 1988. Pl.Opp., Ex. G–1. In the letter, Boothe also complained that the consumer statement added to his credit profile in March of that year was not sufficiently specific. *Id.* In a letter dated May 23, 1988, TRW requested Boothe to supply the "exact statement" he wished to have included in his profile. Boothe never responded to this request. Reply Affidavit of Mark S. Sullivan, sworn to June 19, 1990 ("Sullivan Aff.") ¶ 12, Exs. A, B.

The gravamen of Boothe's complaint is that AVCO denied him credit on the basis of an inaccurate credit profile from TRW. Boothe also alleges that TRW failed to include a proper consumer statement indicating that he disputed certain information appearing in his credit profile. Specifically, with respect to his bankruptcy filing, Boothe alleges that TRW failed to incorporate a consumer statement reflecting that his bankruptcy petition "was not a Petition for one who owed a big sum of money; but was to ease the pressure of HUD … 'off my back', to resolve the circumstances."

Rebuttal to Affidavit of Micelli dated May 18, 1990, at ¶ 1. With respect to the NYSHE loan, Booth alleges that TRW failed to include a sufficiently specific statement indicating that he disputed the balance of his AVCO loan. Boothe seeks $100,000.00 in damages for economic loss and emotional distress stemming from TRW's alleged failure to comply with certain FCRA requirements.

TRW now moves for an order, pursuant to Rule 56 of the Federal Rules of Civil Procedure, granting it summary judgment dismissing the complaint. TRW contends that the undisputed facts establish that Boothe's credit profile was entirely accurate and that it is entitled to summary judgment dismissing the complaint as a matter of law.

## DISCUSSION

### A. Summary Judgment Standard

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R.Civ.P. 56(c). In testing whether the movant has met this burden, the Court must resolve all ambiguities against the movant. *Lopez v. S.B. Thomas, Inc.*, 831 F.2d 1184, 1187 (2d Cir.1987) (citing *United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962)).

The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Adickes v. S.H. Kress and Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970). The movant may discharge this burden by demonstrating to the Court that there is an absence of evidence to support the non-moving party's case on which that party would have the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). The non-moving party then has the burden of coming forward with "specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e). The non-mov-

ant must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electric Industrial Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 1355, 89 L.Ed.2d 538 (1986).

### B. Substantive Claims

The Court construes Boothe's *pro se* complaint to allege violations of sections 607(b) and 611 of the FCRA.[1]

#### 1. Section 607(b)

■ Boothe claims that TRW violated FCRA Section 607 by inaccurately reporting his bankruptcy petition in July 1981 and the outstanding balance of his NYSHE loan.[2] Section 607 provides in relevant part:

> Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the infor-

mation concerning the individual about whom the report relates.

15 U.S.C. § 1681e(b). The threshold question in a Section 607(b) action is whether the challenged credit information is inaccurate. "If the information is accurate, no further inquiry into the reasonableness of the consumer reporting agency's procedures is necessary." *Houston v. TRW Information Services,* 707 F.Supp. 689, 691 (S.D.N.Y.1989) (citing *Todd v. Associated Credit Bureau,* 451 F.Supp. 447, 449 (E.D.Pa.1977), *aff'd,* 578 F.2d 1376 (3d Cir. 1978), *cert. denied,* 439 U.S. 1068, 99 S.Ct. 834, 59 L.Ed.2d 33 (1979); *Middlebrooks v. Retail Credit Co.,* 416 F.Supp. 1013 (N.D.Ga.1976)); *accord Wright v. TRW Credit Data,* 588 F.Supp. 112, 114 (S.D.Fla. 1984).

TRW has met its burden of establishing the absence of any material fact as to the lack of a violation of Section 607 by providing uncontradicted evidence of the accuracy of the credit profile information Boothe

---

1. This Court has carefully and liberally construed the allegations of Boothe's *pro se* complaint, giving him every reasonable benefit. *See Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1972). It construes Boothe's complaint to allege violations of FCRA Sections 607(b) and 611, 15 U.S.C. §§ 1681e(b) and 1681i. Although the complaint does not expressly rely upon Section 607 of the Act, Boothe alleges violation of this provision in his opposition to TRW's motion. *See* Pl.Opp. ¶ 2. The Court, however, refuses to construe the complaint to allege a violation of Section 609 of the FCRA, which Boothe also mentions. *Id.* Section 609 provides in relevant part:

> (a) Every consumer reporting agency shall, upon request and proper identification of any consumer, clearly and accurately disclose to the consumer:
> (1) The nature and substance of all information (except medical information) in its files on the consumer at the time of the request.
> (2) The sources of the information....
> (3) The recipients of any consumer report on the consumer which it has furnished—
> (A) for employment purposes within the two year period preceding the request, and
> (B) for any other purpose within the six-month period preceding the request.

15 U.S.C. § 1681g. The record is uncontradicted that Boothe has never requested any of the information set forth in this section. Accordingly, the Court refuses to construe the complaint so broadly as to find that plaintiff has

alleged claims which even the most liberal construction of the pleading would not colorably support.

2. The FCRA provides for recovery of damages for willful or negligent violation of the Act's substantive provisions. Section 617 provides:

> Any consumer reporting agency or user of information which is negligent in failing to comply with any requirement imposed under this title [15 U.S.C. §§ 1681 et seq.] with respect to any consumer is liable to that consumer in the sum of—
> (1) any actual damages sustained by the consumer as a result of the failure;
> (2) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

15 U.S.C. § 1681o. Section 616 provides:

> Any consumer reporting agency or user of information which willfully fails to comply with any requirement imposed under this title [15 U.S.C. 1681 et seq.] with respect to any consumer is liable to that consumer in an amount equal to the sum of—
> (1) any actual damages sustained by the consumer as a result of the failure;
> (2) such amount of punitive damages as the court may allow; and
> (3) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

15 U.S.C. § 1681n.

challenges. With respect to Boothe's filing a petition for protection under the United States Bankruptcy Code, TRW has proffered Boothe's bankruptcy petition and the order of the U.S. Bankruptcy Court for the Eastern District of New York which dismissed the petition without granting Boothe relief. The petition and the Bankruptcy Court order dismissing it, in view of Boothe's failure to controvert their authenticity, are conclusive proof of Boothe's bankruptcy filing. With respect to the accuracy of the information reported concerning Boothe's NYSHE loan, TRW has provided the CDV form that NYSHE used to confirm the balance of its loan to Boothe. This form indicates that, according to the NYSHE, the information in Boothe's credit profile concerning the NYSHE loan is entirely accurate. *See* Micelli Aff.Ex. C. Boothe offers no evidence to dispute the substance of either of these records confirming the accuracy of the information contained in Boothe's credit profile. Accordingly, as TRW has conclusively established the accuracy of Boothe's credit profile, it is entitled to summary judgment dismissing Boothe's Section 607(b) claim.

### 2. Section 611

Boothe also claims that TRW violated the provisions of FCRA Section 611. Section 611(a) provides:

> If the completeness or accuracy of any item of information contained in his file is disputed by a consumer, and such dispute is directly conveyed to the consumer reporting agency by the consumer, the consumer reporting agency shall within a reasonable period of time reinvestigate and record the current status of that information unless it has reasonable grounds to believe that the dispute by the consumer is frivolous or irrelevant. If after such reinvestigation such information is found to be inaccurate or can no longer be verified, the consumer reporting agency shall promptly delete such information.

15 U.S.C. 1681i(a). Boothe objected to his TRW credit report in letters dated August 20, 1987 and September 25, 1987. The record is uncontradicted that TRW prompt-

ly, within several weeks, reinvestigated Boothe's complaints concerning his NYSHE loan. *See* Micelli Aff. ¶¶ 7–10 and Ex. C. Similarly, TRW promptly confirmed Boothe's reported bankruptcy petition through Service Abstract. Micelli Aff. ¶ 9, Ex. E. In a letter dated December 1, 1987, TRW informed Boothe that it had reinvestigated and confirmed the accuracy of both the bankruptcy information and the outstanding balance of his NYSHE loan. Pl. Opp., Ex. C–2. Boothe has submitted no evidence to controvert any of the substantial evidence adduced by TRW in support of its compliance with this subsection.

Boothe next claims that TRW violated Section 611(b) of the Act. Section 611(b) provides:

> If the reinvestigation does not resolve the dispute, the consumer may file a brief statement setting forth the nature of the dispute.

15 U.S.C. § 1681i(b). Boothe wrote to TRW on December 9, 1987, December 28, 1987 and March 8, 1988 requesting that TRW add statements to his file noting his continued objections to his reported bankruptcy petition and the reported outstanding balance of his NYSHE loan. Boothe concedes that TRW added a statement to his file concerning the NYSHE loan, *see* Pl.Opp.Exs. G–1, H, 28, but claims that TRW violated the Act by failing to add a similar statement to his file for the bankruptcy petition. Boothe also claims that the wording of the statement concerning the NYSHE loan was insufficient.

Section 611(b) requires the inclusion of consumer statements only "if the reinvestigation does not resolve the dispute." 15 U.S.C. 1681i(b). Where the investigation does conclusively resolve the dispute, no inclusion of a consumer statement is required. Here, TRW's reinvestigation had conclusively resolved Boothe's dispute concerning the bankruptcy petition. TRW had obtained a copy of the petition Boothe had filed in 1981, and thereby confirmed the accuracy of the contested credit profile entry. Micelli Aff. ¶ 9, Ex. E. The Court accordingly finds that TRW had no statutory obligation to include Boothe's consum-

er statement with respect to the bankruptcy petition.

Boothe's other claim under Section 611(b) relates to the wording of the consumer statement TRW added to his file for the NYSHE loan. In a letter dated May 16, 1988, Boothe wrote to TRW complaining that the statement, "I dispute the amount NYSHE says I owe" was not sufficiently specific. Pl.Opp., Ex. G–1. TRW immediately offered to revise the statement, requesting, by letter dated May 23, 1988, that Boothe supply the "exact statement" he wished to appear in his credit profile. Boothe acknowledges that he did not provide such a statement. *See* Sullivan Aff. ¶ 12, Ex. A & B. A consumer cannot complain that a credit bureau failed to include his full side of the story when the consumer elects not to elaborate upon his grievance. *See Stewart v. Credit Bureau, Inc.*, 734 F.2d 47, 55 (D.C.Cir.1984). Accordingly, the Court finds that Boothe has failed to establish any violation of Section 611(b).

■ Boothe next claims that TRW violated FCRA Section 611(c).

This subsection provides:

Whenever a statement of a dispute is filed, unless there is reasonable grounds to believe that it is frivolous or irrelevant, the consumer reporting agency shall, in any subsequent consumer report containing the information in question, clearly note that it is disputed by the consumer and provide either the consumer's statement or a clear and accurate codification or summary thereof.

15 U.S.C. § 1681i(c). TRW added Boothe's consumer statement to his credit profile on or about March 15, 1988. The record reflects that each of the subsequent credit reports prepared by TRW clearly indicate the consumer statement. The Court accordingly finds no violation of Section 611(c).

■ Finally, Boothe alleges that TRW violated Section 611(d).

This subsection provides in relevant part:

Following ... any notation as to disputed information, the consumer reporting agency shall, at the request of the consumer, furnish notification [of] ... the statement, codification or summary pursuant to subsection (b) or (c) to any person specifically designated by the consumer who has within ... six months prior thereto received a consumer report for any other purpose....

15 U.S.C. 1681i(d). Boothe neither alleges nor provides evidence that he requested TRW to send his credit report to AVCO or any other lender within the six months preceding the inclusion of the consumer statement in his profile on or about March 15, 1988. Moreover, the record contains no evidence that any subscriber had independently requested Boothe's credit profile within the applicable six-month period. Consequently, since there is no evidence that Boothe requested that AVCO or any other entity be provided with his credit profile within six months prior to TRW's inclusion of his consumer statement, Boothe has failed to establish a violation of FCRA Section 611(d).

## CONCLUSION

For the reasons set forth above, defendant TRW's motion for an order, pursuant to Rule 56 of the Federal Rules of Civil Procedure, is granted in its entirety and the complaint is hereby dismissed with costs to defendant.

SO ORDERED.