Willie Lee **AUSTIN**, Jr.

v.

**BANKAMERICA SERVICE CORPORATION et al.**

Civ. A. No. 19267.

United States District Court, N. D. Georgia, Atlanta Division.

July 31, 1974.

Hugh G. Head, Jr., Atlanta, Ga., William T. Elsey, Cartersville, Ga., for plaintiff.

W. Rhett Tanner, Hansell, Post, Brandon & Dorsey, Atlanta, Ga., for defendant.

## ORDER

MOYE, District Judge.

This action was brought by plaintiff Austin under the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.,* for the defendants' alleged noncompliance with the provisions of the Act. In addition to this federal claim, plaintiff also seeks to recover under Georgia common law theories and statutory provisions relating to defamation. The action is presently before the Court on a motion for summary judgment submitted on the behalf of all of the defendants.

The uncontested facts of this action are that plaintiff applied for credit at the First National Bank of Atlanta in 1972 which the bank refused to extend as explained by its letter of May 15, 1972. The bank's letter advised the plaintiff that its refusal to extend credit was based on information obtained from a consumer credit reporting

agency, Credit Bureau of Atlanta. Over one year later, in October 1973, plaintiff again applied to the First National Bank of Atlanta for credit. In response, the bank wrote plaintiff that it was unable to approve plaintiff's application immediately but requested him to visit a bank office to discuss the type of credit account which would best suit his needs. The bank's action in both of these instances was based on a consumer credit report which had been issued by Credit Bureau of Atlanta containing a reference to a lawsuit in which Mr. Austin was named as a defendant. When advised that Mr. Austin denied involvement in a lawsuit, Credit Bureau of Atlanta investigated the matter by calling the Clerk of the State .Court of DeKalb County whereupon it was ascertained that Mr. Austin was not in fact a party to a lawsuit in *that* court. Thereafter, Credit Bureau of Atlanta deleted the information with respect to a lawsuit from Mr. Austin's file and issued a revised report which contained no reference to such a lawsuit. Credit Bureau of Atlanta's investigation of this matter, however, was in error because the Credit Bureau failed to call the correct court concerning the involvement of Mr. Austin in a lawsuit. The truth of the situation was that Mr. Austin was indeed involved as a defendant in a lawsuit in the *Superior* Court of DeKalb County (rather than the *State* Court of DeKalb County). But his involvement in that suit was in his official capacity as Deputy Marshal for De-Kalb County. Austin contends that there is a great distinction between his personal involvement as a defendant in a lawsuit and his official involvement as a defendant in a lawsuit because a lawsuit against Austin in his official capacity would ordinarily have no bearing on his credit rating whereas his personal involvement in a lawsuit could be relevant to his credit rating. Austin contends that this inaccuracy in the Credit Bureau's records entitles him to a recovery under the Fair Credit Reporting Act and the subsequent refusal to extend credit by the First National Bank and its employees damaged his reputation and entitles him to recovery under state common law theories and statutory provisions related to defamation.

■ Defendant Credit Bureau of Atlanta's motion for summary judgment is predicated on the theory that the fact contained in the credit report was true; Mr. Austin was named as a defendant in a lawsuit. Credit Bureau argues that its failure to distinguish whether Mr. Austin was named as a defendant individually or in his official capacity does not constitute a violation of the Fair Credit Reporting Act. Relying on Judge O'Kelley's opinion in *Peller v. Retail Credit Company* (C.A. 17900, December 6, 1973), Atlanta Credit Bureau contends that the truth of the matter contained in the credit report constitutes an absolute defense to an action based on the Fair Credit Reporting Act. In *Peller,* the plaintiff took a polygraph examination in connection with an application for a job. Plaintiff was not hired and subsequently obtained a position with another company which shortly thereafter discharged him because a check with defendant Retail Credit Company showed that the results of plaintiff's polygraph examination administered in connection with his application for the first job indicated that plaintiff had used marijuana in the past. The Court found that information was true and therefore granted summary judgment in favor of Retail Credit Company stating that "in order to pursue a cause of action based on a willful or negligent violation of 15 U.S.C. § 1681e(b), the report sought to be attacked must be inaccurate."

■ The Court is of the opinion that the *Peller* holding is equally applicable to the instant action. In the instant action Mr. Austin was in fact named as a defendant in a lawsuit. The fact that he was being sued in his official capacity rather than his individual capacity is an additional fact, which, if known, would enhance a credit report user's ability to evaluate Mr. Austin's credit standing, but did not make the credit report inaccurate. If this Court were to require Credit Bureau of Atlanta to ascertain the nature of a defendant's capacity in a lawsuit it would be tantamount to requiring consumer credit reporting agencies to eval-

uate the litigation; whether it is merely for injunctive relief or for damages, the amount of damages recoverable against any particular defendant, or the probability of success in a lawsuit against a particular defendant. Requiring such an evaluation would, in this Court's opinion, force compliance beyond the intended scope of the Act. Although the Fair Credit Reporting Act clearly requires consumer reporting agencies to "follow reasonable procedures to assure maximum possible accuracy of the information," the Act does not impose a strict civil liability for an agency's inaccuracy or incompleteness in a report. The consumer credit reporting agency is liable for civil damages only if it has not followed reasonable procedures to assure the maximum possible accuracy of the information upon which the credit report is based. The Fair Credit Reporting Act does not set forth any guidelines for what constitutes reasonable procedures and this Court also declines to do so for in the instant action the Court need not reach this question since it has held that the information contained in Mr. Austin's credit report was accurate. The failure to include the capacity in which Mr. Austin was being sued as the defendant does not impugn the accuracy of the report but instead would merely be helpful in making a complete evaluation of Mr. Austin's credit worthiness, as would an evaluation of any notation of a lawsuit in light of the considerations mentioned above. Therefore, relying on *Peller, supra,* this Court finds that plaintiff has failed to state a cause of action based upon an either willful or negligent violation of 15 U.S.C. § 1681e(b) because the credit report sought to be attacked is accurate.[1]

■ The First National Bank of Atlanta has also moved for summary judgment because it contends that it has fully complied with the provisions of the Fair Credit Reporting Act. There is no question that the First National Bank is a "user" of consumer credit reports and as such it is required by the Act to advise consumers when it has taken adverse action against them based on information in a consumer credit report. The Act requires:

"Whenever credit or insurance for personal, family, or household purposes, or for employment involving a consumer is denied or the charge for such credit or insurance is increased either wholly or partly because of information contained in a consumer report from a consumer reporting agency, the user of the consumer reports shall so advise the consumer against whom such adverse action has been taken and supply the name and address of the consumer reporting agency making the report." 15 U.S.C. § 1681m(a).

In the instant action it is uncontested that plaintiff was appropriately advised by the First National Bank that his application for a BankAmericard in 1972 had been rejected because of adverse information in a report issued by Credit Bureau of Atlanta. With respect to plaintiff's application for a major purchase check in 1973, the Court is of the opinion that the bank's written response was not a rejection of the application for credit but merely a request for plaintiff to appear in person at the bank for the further discussion of his credit needs. Therefore, the Court finds that First National Bank, as a user of a consumer credit report, appropriately advised plaintiff of the source of adverse information in his credit report when the bank rejected his application for credit, and, accordingly, the bank did not violate the provisions of the Fair Credit Reporting Act.

■ Defendants E. L. Beard and F. B. Berg have also moved for summary judgment. With respect to plaintiff's possible claims under the Fair Credit Reporting Act against these defendants, the Court finds that they are merely employees of the First National Bank and their only connection

---

1. The Court notes with interest that *Peller, supra,* is presently on appeal to the Fifth Circuit Court of Appeals and that plaintiff may, if he so desires, appeal this action and obtain a full definitive opinion from the Court of Appeals with respect to the issues raised both in *Peller* and the instant action.

with the facts of this action is that defendant Berg signed the letter rejecting plaintiff's application for a BankAmericard in 1972, and defendant Beard signed the First National Bank's letter requesting plaintiff to appear in person at the bank for further discussion of credit in 1973. These employees of the First National Bank were carrying out their responsibilities within the scope of their employment and the Court is of the opinion that they are not "users" of consumer credit reports under the Fair Credit Reporting Act. Accordingly, the Court finds that the Fair Credit Reporting Act is inapplicable to these defendants who are merely employees of a "user" of consumer credit reports and, accordingly, the Court grants summary judgment in favor of these defendants, Beard and Berg, with respect to plaintiff's claims against them based on the Fair Credit Reporting Act.

Having disposed of all of plaintiff's claims against all defendants based on the Fair Credit Reporting Act, there remains only plaintiff's claims against defendants based on state common law theories and statutory provisions related to defamation. Since this action is not based on diversity of citizenship the Court can consider these state based claims only under the doctrine of pendent jurisdiction. The Fifth Circuit Court of Appeals has consistently held, however, that it is proper to decline to exercise pendent jurisdiction when the federal element of an action has been removed prior to reaching the merits and the state causes of actions are cognizable in the state courts. *Peace v. City of Center, Texas*, 372 F.2d 649 (5th Cir. 1967). Accordingly, the Court declines to exercise pendent jurisdiction in this action since the federal claims have been removed prior to trial.

Based on the reasoning presented above, the Court hereby GRANTS full summary judgment to all defendants with respect to plaintiff's claims based on the Fair Credit Reporting Act and the Court declines to exercise pendent jurisdiction with respect to plaintiff's other state-based claims and they are accordingly DISMISSED.