James J. MORRISSEY, Jr., Plaintiff,

v.

TRW CREDIT DATA, Exxon Company, U.S.A., Sears Roebuck and Company, Suburban Credit Bureau and Credit Bureau Associates, Defendants.

No. 75 C 1627.

United States District Court,
E. D. New York.

July 21, 1977.

Griggs, Baldwin & Baldwin, New York City, for plaintiff.

Stein, Schwartz, Chesir & Rosh, New York City, for defendant Sears.

George A. Burrell, New York City, for defendant Exxon.

Townley & Updike, New York City, for defendant TRW.

MEMORANDUM ORDER

NEAHER, District Judge.

Plaintiff brought this action under the Fair Credit Reporting Act ("Act"), 15 U.S.C. §§ 1681–1681t, on the basis of defendants' alleged noncompliance with the provisions of the Act. The matter is now before the court on the motion of defendant Exxon Company, U.S.A. ("Exxon") to dismiss the complaint or for summary judgment.

The following facts are not in dispute. On or about July 8, 1975 Exxon denied plaintiff's application for a credit card. In a letter to plaintiff Exxon explained that its denial was "based upon information contained in a consumer report furnished by the following consumer reporting agency: 'TRW Credit Data, 20 Just Rd., Fairfield, N.J. 07009.'" On July 28, 1975 plaintiff sent TRW Credit Data ("TRW") a letter requesting all information in its possession concerning him, the sources of the information, and the recipients of any consumer reports issued by TRW concerning him. TRW responded on August 7, 1975 with a transcript of its credit information concerning plaintiff.

Believing that the transcript contained false and obsolete information provided to TRW by Sears Roebuck & Co. ("Sears") and that the transcript failed to list the recipients of any consumer reports issued by TRW concerning him, plaintiff filed the present action. At various times during discovery, Exxon has offered differing versions of the route the information traveled between TRW and Exxon. At first Exxon stated that it had requested the credit report from Credit Bureau Associates ("CBA"). Revising its statement soon thereafter, Exxon explained that it had requested the credit report from Credit Services International, which in turn sought information from CBA. In its final version, Exxon now alleges that it dealt with Suburban Credit Bureau, which purchased the credit report from CBA.

 Despite this confusion, it has been clear from the start that TRW initiated the credit report based on information it had obtained from Sears. It was TRW's computer which CBA tapped in order to obtain the information for Suburban Credit Bureau, which then turned it over to Exxon.

Section 615(a) of the Act provides:

"Whenever credit . . . is denied . . . because of information contained in a consumer report from a consumer reporting agency, the user of the consumer report shall so advise the consumer against whom such adverse action has been taken and supply the name and address of the consumer reporting agency making the report." 15 U.S.C. § 1681m(a).

As the "user" of the disputed report, Exxon informed plaintiff that it had denied his credit card application because of information contained in a report from TRW. There is no dispute that TRW's computer supplied the report. TRW, which "engages . . . in the practice of assembling or evaluating consumer credit information . . . for the purpose of furnishing consumer reports to third parties," is a "consumer reporting agency" as defined in § 603(f) of the Act. 15 U.S.C. § 1681a(f).

By disclosing TRW's name and address to plaintiff, Exxon has complied with the only requirement the Act places upon it. See *Wood v. Holiday Inns, Inc.*, 508 F.2d 167, 172 (5 Cir. 1975). Exxon's action fulfilled the purposes of the Act, for plaintiff was immediately able to learn from TRW the basis of the allegedly false credit information. While plaintiff is understandably frustrated with Exxon's inability to list the intermediate reporting agencies, he cannot hold Exxon liable on that account.

Accordingly, Exxon's motion for summary judgment is granted.

SO ORDERED.

The Clerk of the Court is directed to enter judgment in favor of Exxon dismissing the complaint as to it.