858 F.2d 774
 273 U.S.App.D.C. 179
 Unpublished Disposition
NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
Petra V. and Frederick C. FERMIN, Petitioners,
v.
COMMODITY FUTURES TRADING COMMISSION, First Commodity
Corporation of Boston and James N. Patrick, Respondents.
 No. 87-1543.
 United States Court of Appeals, District of Columbia Circuit.
 Sept. 29, 1988.
 
 Before BUCKLEY, D.H. GINSBURG, and SENTELLE, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This case came to be heard on the record on petition for review of the decision and order of the Commodity Futures Trading Commission and briefs were filed by the parties. The issues have been accorded full consideration by the court and occasion no need for a published opinion. See D.C.Cir. Rule 14(c). On consideration of the issues and for the reasons set forth in the accompanying memorandum, it is
 
 
 2
 ORDERED and ADJUDGED by the court that the petition for review be denied.
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir. Rule 15.
 
 MEMORANDUM
 
 4
 The Fermins initiated this case in the Commodity Futures Trading Commission (CFTC) pursuant to 7 U.S.C. Sec. 18(e), seeking reparation for losses incurred on Mr. Fermin's account by respondents First Commodities Corporation of Boston (FCCB) and James N. Patrick, an FCCB employee. An Administrative Law Judge (ALJ) denied their claim and the CFTC upheld the denial. The Fermins seek review by this court. Our review is limited, and "we may only set aside the Commission's factual findings, and the legal conclusions they entail, if they are not reasonably supported by the record." Drexel Burnham Lambert Inc. v. CFTC, No. 87-1372, slip op. at 9 (D.C.Cir. June 24, 1988).
 
 
 5
 The Fermins attack the CFTC's findings on three main grounds. First, they argue that the CFTC erred in holding that Mr. Patrick did not deceive Mr. Fermin in telephone conversations discussing the investment. This argument revolves around the Fermins' claim that Mr. Patrick told Mr. Fermin that he would make a profit of $93,000 on his investment, a claim that Mr. Patrick specifically denied. Transcript at 83. The ALJ who made the finding that Mr. Patrick was more credible on this point than Mr. Fermin was better able to determine credibility than are we, and nothing in the record indicates that this finding is not supported.
 
 
 6
 Second, the Fermins argue that Mr. Patrick committed fraud for excessive maintenance fees and breach of fiduciary duty. The Fermins point to what they claim is a discrepancy between the maintenance fees charged ($7800) and the amount indicated in the contract (between $1200 and $1500). It is clear from the record that the $1200 to $1500 charge is a per contract charge, and that Mr. Fermin agreed to six contracts. He specifically acknowledged at the hearing that Mr. Patrick told him that each set of three contracts would involve a maintenance fee of $3900. Transcript at 13-14. Accordingly, this finding is supported by the record.
 
 
 7
 Third, the Fermins claim that the ALJ erroneously found that FCCB traded the account only in sugar and copper, and direct our attention to statements indicating trades in other commodities. The ALJ's finding does not state that trading was done only in sugar and copper, merely that it commenced in sugar and copper. Appendix at 104. Even if the ALJ was mistaken about the commodities actually traded, the contract between the Fermins and FCCB contemplated trading in other commodities. See Appendix at 6, paragraph 7.D. Therefore, this issue does not require granting the petition for review.
 
 
 8
 The Fermins also argue that the CFTC should have found that the contract between Mr. Fermin and FCCB was void because the Veterans Administration determined Mr. Fermin to be incompetent in 1947. The CFTC can only award reparation for violations of the Commodities Exchange Act by persons registered under the Act. 7 U.S.C. Sec. 18(e). It does not have the power to determine competency of persons to enter into contracts. Accordingly, the CFTC properly did not determine whether Mr. Fermin was competent to contract.
 
 
 9
 The Fermins' argument regarding the administration of the oath to a mentally incompetent person seems to be a preemptive attack on what they believe is an impending charge of perjury based on the ALJ's findings on credibility. We know of no such charges. The time to respond to such charges is if and when they are made. Therefore, we shall not address their argument on this point.
 
 
 10
 The Fermins ask this court to determine whether they are legally entitled to further proceedings in the district court for treble and punitive damages. The court declines to issue an advisory opinion on this issue.