858 F.2d 774
 273 U.S.App.D.C. 179
 Unpublished Disposition
NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
William R. SMITH, Appellant
v.
BETTER BUSINESS BUREAU OF METROPOLITAN WASHINGTON, et al.
 No. 87-7130.
 United States Court of Appeals, District of Columbia Circuit.
 Sept. 29, 1988.
 
 Before BUCKLEY, D.H. GINSBURG and SENTELLE, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This case was considered on the record on appeal from the United States District Court for the District of Columbia and on the briefs filed by the parties. The court has determined that the issues presented occasion no need for a published opinion. See D.C.Cir. Rule 14(c). For the reasons stated in the accompanying memorandum, it is
 
 
 2
 ORDERED and ADJUDGED that the following orders of the district court be affirmed: (1) order filed November 18, 1986, dismissing appellee Marina View Towers; (2) order filed February 27, 1987, denying appellant's motion for disqualification of the trial judge; and (3) order filed May 28, 1987, granting appellees Credit Bureau Inc. and the Better Business Bureau summary judgment and dismissing appellant's complaint.
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir. Rule 15.
 
 MEMORANDUM
 
 4
 Pro se appellant William R. Smith appeals from the following district court orders: (1) filed November 18, 1986, dismissing appellee Marina View Towers; (2) filed February 27, 1987, denying Smith's motion for disqualification of the trial judge; and (3) filed May 28, 1987, granting appellees Credit Bureau Inc. ("CBI") and the Better Business Bureau ("BBB") summary judgment and dismissing Smith's complaint. Finding no error, we affirm.
 
 
 5
 Smith first claims that CBI violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. Sec. 1681, by issuing an incomplete credit report to Marina View. Because of that report, Smith's tenancy application was denied. Smith contends that the report was incomplete because made reference to delinquent debts that remained in dispute. The FCRA requires "that agencies adopt reasonable procedures to ensure the complete and precise reporting." Koropoulous v. Credit Bureau, Inc., 734 F.2d 37, 45 (D.C.Cir.1984). In this case, Smith fails to show that CBI's procedures were unreasonable. Smith did not furnish CBI with an elaboration of the disputes prior to its issuance of the credit report, as required under 15 U.S.C. Sec. 1681i. Nor are there any facts in the record to suggest that CBI should have been aware of any such disputes. As a result, there is no actionable FCRA claim against CBI for having reported the delinquent debts. See Stewart v. Credit Bureau, Inc., 734 F.2d 47, 55 (D.C.Cir.1984).
 
 
 6
 Smith next contends that, by using the credit information supplied by CBI, Marina View did not comply with the FCRA. Under the Act, however, a consumer credit report user need only disclose the name and address of the reporting agency when denying credit. See 15 U.S.C. Sec. 1682m(a). See also Wood v. Holiday Inns, Inc., 508 F.2d 167, 172 (5th Cir.1975); Morrisey v. TRW Credit Data, 434 F.Supp. 1107 (D.C.N.Y.1977). Here, Marina View informed Smith that it had denied his tenancy application because of information contained in the CBI report. By disclosing the name and address of the reporting agency to Smith, Marina View fully satisfied its FCRA obligations.
 
 
 7
 Smith also charges that the BBB, CBI and Marina View conspired against him. Those assertions, however, are unsupported. See Crisafi v. Holland, 655 F.2d 1305, 1307-08 (D.C.Cir.1981) ("A complaint must indicate facts to support its conclusions.... A court may dismiss as frivolous complaints reciting bare legal conclusions with no suggestion of supporting facts, or postulating events and circumstances of a wholly fanciful kind."). Similarly, Smith's claim that the trial judge was biased and should have been recused is unfounded and wholly without merit. The district court's orders therefore are affirmed.