**Alice RHODES, Appellant,**

v.

**FORD MOTOR CREDIT COMPANY, Appellee.**

No. 91–3009.

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 9, 1991.

Decided Dec. 18, 1991.

Hani W. Hashem, Monticello, Ark., for appellant.

W. Robert Nixon, Jr., Little Rock, Ark., for appellee.

Before McMILLIAN, FAGG and BOWMAN, Circuit Judges.

BOWMAN, Circuit Judge.

This is a diversity case based on state law theories of defamation and negligence. The plaintiff, Alice Rhodes, appeals from the grant of summary judgment by the

District Court[1] in favor of the defendant, Ford Motor Credit Company (FMCC). We affirm.

In June 1985, Rhodes purchased a Ford automobile from an Arkansas retailer. The sales contract was assigned to FMCC. In October 1985, FMCC incorrectly informed Chilton Credit Bureau and possibly other credit reporting agencies that Rhodes had been delinquent on three payments. This information eventually was provided by Chilton Credit Bureau to a lending institution, which then denied Rhodes credit for another automobile purchase. In compliance with the Fair Credit Reporting Act (hereinafter "Act"), 15 U.S.C. § 1681 *et seq.*, the lending institution identified the agency that made the derogatory credit report and notified Rhodes that she could request the institution's reasons for denying credit. When Rhodes did so, she was told the denial was based on her record of payments to FMCC.

Rhodes complained to FMCC. FMCC promptly notified Chilton Credit Bureau of the error in FMCC's records and sent Rhodes a letter explaining that error and apologizing for the mistake. Rhodes, however, continued to experience denials of credit. Her inquiries disclosed each denial was caused by an incorrect report that she had been delinquent in paying her debt to FMCC. Rhodes eventually sued FMCC in state court in Arkansas seeking a recovery under state law for defamation and negligence. FMCC properly removed this suit to the District Court on diversity-of-citizenship grounds.

Whether the district court properly granted summary judgment "is a question of law to be reviewed *de novo.*" *Leasamerica Corp. v. Norwest Bank Duluth, N.A.*, 940 F.2d 345, 347 (8th Cir.1991). Rhodes's suit is governed by the Act, which establishes a qualified immunity for credit reporters; "no defamation or like actions are allowed under the Act unless malice or willful intent is alleged." *Thornton v. Equifax, Inc.*, 619 F.2d 700, 703 (8th Cir.), *cert. denied*, 449 U.S. 835, 101 S.Ct. 108, 66 L.Ed.2d 41 (1980); *see also* 15 U.S.C. § 1681h(e) ("no consumer may bring any action ... in the nature of defamation, invasion of privacy, or negligence ... against any consumer reporting agency ... except as to false information furnished with malice or willful intent to injure such consumer.").[2] Thus, in order to go forward on her state law claims, it was necessary for Rhodes to establish that FMCC acted with malice or willful intent to injure her.

FMCC supported its summary judgment motion with Rhodes's admission that FMCC did not act from malice or willfully intend to injure her; Rhodes said she believed FMCC had been only negligent. The District Court entered summary judgment for FMCC because Rhodes had failed to counter FMCC's submissions with evidence creating a genuine issue of fact as to FMCC's possession of malice or willful intent. Before the District Court and in her brief on appeal, Rhodes cited *Equifax, supra,* in which a panel of this Court discussed the rule of *New York Times v. Sullivan,* 376 U.S. 254, 84 S.Ct. 710, 11 L.Ed.2d 686 (1964), as an "example of a type of malice necessary to overcome a qualified privilege." *Equifax,* 619 F.2d at 705. She argues that *Sullivan*'s definition of a malicious statement, *i.e.,* one made "with knowledge that it was false or with reckless disregard of whether it was false or not," *Sullivan,* 376 U.S. at 280, 84 S.Ct. at 726, should be used to gauge FMCC's conduct and that the District Court erroneously refused to employ this standard. FMCC argues that *Equifax's* discussion of *Sullivan* is *dicta* and that the District Court's decision was proper, given Rhodes's admissions.

---

1. The Honorable George Howard, Jr., United States District Judge for the Eastern District of Arkansas.

2. Exceptions to this rule exist when a plaintiff sues over failure to follow the express commands of the Act. *See, e.g.,* 15 U.S.C. § 1681*o*

(liability for negligent non-compliance with the Act). Rhodes has made no claim under these exceptions, and she concedes FMCC is entitled to the immunity from suit that the Act provides unless that immunity is overcome by a showing FMCC acted with malice or willful intent.

We agree with the District Court that there was no genuine issue of material fact as to whether FMCC acted with malice or willful intent. As this Court recently has said:

> It is enough for the movant to bring up the fact that the record does not contain [a genuine issue of material fact] and to identify that part of the record which bears out his assertion. Once this is done, his burden is discharged, and, if the record in fact bears out the claim that no genuine dispute exists on any material fact, it is then the respondent's burden to set forth affirmative evidence, specific facts, showing that there is a genuine dispute on that issue.

*City of Mount Pleasant, IA. v. Associated Elec. Coop.*, 838 F.2d 268, 273–74 (8th Cir. 1988). By submitting Rhodes's admissions, FMCC met its burden of demonstrating the absence of a genuine issue of fact regarding whether it acted with malice or willful intent to injure Rhodes. Rhodes's failure to come forward with significant probative evidence to the contrary made summary judgment for FMCC appropriate. *See* Fed. R.Civ.P. 56(e); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

As to the disputed passage in *Equifax,* we need not decide whether the *Sullivan* standard is the law of this Circuit regarding the definition of malice as used by the Act. Even if that standard were used to examine FMCC's actions, we agree with the District Court that Rhodes failed to make a sufficient showing to avoid summary judgment. The record shows that FMCC, upon discovering its error, promptly credited Rhodes's account, and that, upon learning of Rhodes's credit problem, wrote Rhodes to admit its error and apologize and notified Chilton Credit Bureau of its mistake. Evidence in the record indicates that FMCC did not furnish the erroneous information after October 1985. Rhodes submitted no evidence to prove otherwise; her claim that FMCC subsequently transmitted the false information is merely an inference from the fact that other reporting agencies possessed the information at later dates. Rhodes's showing before the District Court failed to create a genuine issue even under the *Sullivan* standard, and therefore summary judgment was proper.

The decision of the District Court is affirmed.