**Samuel M. GRANT**

v.

**TRW, INC.**

**Civ. No. JFM–91–3275.**

United States District Court, D. Maryland.

Feb. 27, 1992.

Samuel M. Grant, pro se.

Sandy D. Baron, Leonard R. Goldstein, Chartered, College Park, Md., for TRW, Inc.

## MEMORANDUM

MOTZ, District Judge.

Plaintiff filed this action against TRW, Inc. ("TRW") in the Circuit Court for Baltimore County, asserting claims under the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"), the Maryland Fair Credit Reporting Act, Md.Com.Law II Code Ann. § 14–1207(e) and for common law defamation. As to each claim, Plaintiff seeks actual damages in the amount of $1, punitive damages in the amount of $500,000, costs and attorney's fees, and a deletion from his credit report of a notation indicating that a $400 judgment was entered against him. TRW removed the action to this Court and has now moved to dismiss all of Plaintiff's claims under Fed.R.Civ.P. 12(b)(6).

### I.

In 1989, Plaintiff was a defendant/counterclaimant in a lawsuit brought by his landlord in the District Court of Maryland for Baltimore County. The court awarded the landlord a judgment against Plaintiff in the amount of $414.00, plus $62.10 in costs and attorney's fees and awarded Plaintiff a judgment against the landlord in the amount of $608.00.

In 1990, Plaintiff applied for a Texaco credit card. Texaco denied the application because of "Judgement, Collection Account, Attachment, Lien, Foreclosure, Repossession, Garnishment, or Suit" and listed TRW as the consumer reporting agency. Plaintiff then asked TRW for a copy of his credit report. In response, TRW sent Plaintiff a report which contained a notation indicating that a judgment was entered against Plaintiff in the amount of $400 on October 10, 1989 in the Baltimore County District Court.

In August 1990, Plaintiff wrote to TRW, explaining that the litigation between himself and the landlord resulted in "a net judgement in *my favor* of approximately $130." He also requested "a detailed explanation of what the report says, who reported it, etc." On September 24, 1990, Plaintiff tried to clarify the matter by again writing TRW and sending it a copy of the District Court record. He requested TRW to delete the notation of a $400 judgment—or at least note that he was the "net winner"—and to forward this information to Texaco. Plaintiff closed his letter by stating that "[i]f I do not receive some communication from you by October 22, I will conclude that you are inviting me to pursue my remedies under 15 U.S.C. 1681n." TRW responded by sending Plaintiff an "Updated Credit Profile" which showed that the disputed notation had been deleted from Plaintiff's file.

In May 1991, Plaintiff again applied for a Texaco credit card and was denied it for the same reason. Plaintiff then asked for and received a recent copy of his credit report from TRW. The notation of a $400 judgment against him was still listed. This action ensued.

### II.

Plaintiff first alleges that TRW violated the FCRA by failing to follow reasonable procedures assuring "maximum possi-

ble accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b). As the Eleventh Circuit has recently stated, "in order to make out a *prima facie* violation of ... [Section 1681e(b)], the Act implicitly requires that a consumer must present evidence tending to show that a credit reporting agency prepared a report containing 'inaccurate' information." *Cahlin v. General Motors Acceptance Corp.*, 936 F.2d 1151, 1156 (11th Cir.1991); *see also McPhee v. Chilton Corp.*, 468 F.Supp. 494, 497 (D.Conn.1978) ("[n]o judicial inquiry into an agency's procedures for gathering and evaluation information is required ... if the report in question is in fact true"); *Middlebrooks v. Retail Credit Co.*, 416 F.Supp. 1013, 1015 (N.D.Ga.1976); *but see Koropoulos v. Credit Bureau, Inc.*, 734 F.2d 37, 40 (D.C.Cir.1984); *Alexander v. Moore & Assoc., Inc.*, 553 F.Supp. 948, 951–52 (D.Haw.1982) (suggesting that the "reasonable procedures" and "maximum possible accuracy" questions are to be resolved together under a balancing test).

Here, Plaintiff concedes, as he must, that the notation in the credit report that a judgment had been entered against him was accurate insofar as it went. In his September 24, 1990 letter to TRW, Plaintiff himself stated that the District Court judgment reflects that the plaintiffs "won a judgment of $414.00 plus $62.10 in attorney fees against me." His complaint is that the notation in the report is misleading because it did not further recite that he had been awarded $608 on his counterclaim and was therefore a "net winner" in the litigation.

There may be extreme instances in which a technically accurate statement is so inherently misleading that it would run afoul of the "maximum possible accuracy" re-

quirement of § 1681e(b). For example, as hypothesized by the Court in *Alexander v. Moore & Assoc., Inc., supra,* if a consumer were a victim of a credit card scam, it would hardly seem accurate for a consumer reporting agency to report that the person was "involved" in the scam. However, the possibility that such extreme cases might be presented does not justify rewriting the FCRA to render actionable the initial reporting of information which although accurate is deemed to be misleading because it is incomplete. The two standards are qualitatively different from one another. "Accuracy" can be tested by verification whereas a determination of "completeness" requires the exercise of judgment on potentially difficult questions concerning the meaning and effect of contextual information.

That is not the end of the matter, however. While "completeness" is not referred to in § 1681e(b), it is referred to in § 1681i(a) which provides:

If the completeness or accuracy of any item of information contained in his file is disputed by a consumer ... the consumer reporting agency shall within a reasonable period of time reinvestigate and record the current status of that information unless it has reasonable grounds to believe that the dispute by the consumer if frivolous or irrelevant.

This provision is an eminently sensible supplement to the "accuracy" requirement of § 1681e(b). It places the burden upon the consumer to challenge what he deems to be incomplete information but, once the challenge is made, it requires reinvestigation and recording of the information provided by the consumer, provided that the consumer's position is not frivolous or irrelevant.[1] Here, according to the facts al-

---

1. I find that the inclusion of a "completeness" standard in § 1681i(a) to corroborate strongly my conclusion that such a standard is not included within the "maximum possible accuracy" standard of § 1681e(b). I realize that a panel of the D.C. Circuit has expressed a contrary view. In *Koropoulos v. Credit Bureau, Inc.,* that panel suggested that "the failure of § 1681e(b)'s language itself to specifically mention completeness in addition to accuracy may well be attributable to the fact that it was added so late in the

legislative process that there was not time for careful semantic accommodation with earlier adopted provisions." 734 F.2d at 44. Frankly, I find the statement to be somewhat cavalier, particularly in light of the fact that the FCRA was crafted to accommodate fundamentally conflicting interests. Adding a "completeness" element to § 1681e(b) substantially expands the duties imposed upon consumer reporting agencies under the Act and exposes them to dramatically increased litigation.

leged by Plaintiff, he did notify TRW of the full circumstances surrounding the Maryland District Court judgment but, inexplicably, after advising Plaintiff that it would delete the challenged notation from his report, TRW neither effected the deletion nor recorded the information which Plaintiff had provided. This dereliction is actionable under § 1681i(a).

## III.

Plaintiff's state law claims require little discussion. His claim under the Maryland Fair Credit Reporting Act merely parallels his claim under the FCRA. Md.Com.Law II Code Ann. § 14–1208(a) requires, as does § 1681i(a) of the FCRA, that a consumer reporting agency reinvestigate and record current information where the completeness of an item of information originally reported is challenged by the consumer. Therefore, it provides Plaintiff with an additional, if redundant, statutory claim.

Plaintiff's common law claim for defamation is, however, preempted. Section 1681h(e) of the FCRA provides that "no consumer may bring any action or proceeding in the nature of defamation ... against any consumer reporting agency ... except as to false information furnished with malice or willful intent to injure such consumer." Plaintiff has not pled sufficient facts to demonstrate that TRW acted with malice or willful intent to injure him, and his defamation claim therefore does not survive the preemptive effect of this section.

A separate order effecting the rulings made in this memorandum is being entered herewith.

## ORDER

For the reasons stated in the memorandum entered herein, it is this 27th day of February 1992

ORDERED

1. Defendant's motion to dismiss Counts I and II of the complaint is denied; and

2. Defendant's motion to dismiss Count III of the complaint is granted.