**Nkiambi Jean LEMA**

v.

**CITIBANK (SOUTH DAKOTA), N.A. and Citicorp Credit Services, Inc.[1]**

**Civil No. K-95-3057.**

United States District Court, D. Maryland.

Aug. 20, 1996.

---

1. See attached stipulation filed on August 14, 1996 by counsel for all parties.

Judith L. Fitzgerald, Baltimore, Maryland, for Plaintiff.

Robert W. Hesselbacher, Jr., Semmes, Bowen & Semmes, Baltimore, Maryland, for Defendants.

FRANK A. KAUFMAN, Senior District Judge.

In Count I of his two-count complaint, plaintiff, a consumer, alleges that defendants violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.*, when they provided inaccurate and derogatory information regarding plaintiff's account to one or more credit reporting agencies. In his second count, apparently a state law tort claim, plaintiff asserts that defendants' violation of a duty imposed on them by the FCRA renders them liable to him for negligence. On February 23, 1996, defendants moved to dismiss plaintiff's claims. Plaintiff opposed that motion, at which time this Court suggested that defendants file a motion for summary judgment. On April 4,

1996, defendants so did, arguing that they did not violate any provision of the FCRA and that, even if plaintiff's negligence claim is viable, it is preempted by the FCRA. Having considered defendants' motion and all filings related thereto, this Court concludes that defendants are entitled to summary judgment.

## I

The facts in this case are undisputed. In May, 1989, defendants issued plaintiff a Visa credit card. In September, 1990, plaintiff's account became delinquent. Plaintiff contacted defendants immediately and, by May 1991, made arrangements to settle his account by paying 70% of the balance due, then $3,090. Plaintiff paid the agreed amount, completing the required payments in November 1991. In March 1992, plaintiff began receiving collection notices regarding his account which reported a balance of $3,272.43. In July 1992, the defendants placed an R9 rating, apparently the most unfavorable rating, on the plaintiff's account. Credit companies other than defendants subsequently denied plaintiff consumer credit.

Plaintiff informed defendants in October 1992 of the alleged inaccuracies regarding his account, apparently without any satisfactory response on their part. Thereafter, in December 1994, defendants stated that plaintiff owed an additional sum, which plaintiff paid in March 1995. When plaintiff filed this suit in October 1995, the R9 rating remained on his account.

## II

■ Summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56. "A defendant moving for summary judg-

ment has the burden of showing the absence of any genuine issue of material fact and that he is entitled to judgment as a matter of law.... Once a defendant makes the necessary showing, the plaintiff must go forward and produce evidentiary facts to support his contention." *Barwick v. Celotex Corp.*, 736 F.2d 946, 958 (4th Cir.1984). *See also* Fed. R.Civ.P. 56(e). However, the non-movant is entitled to have all reasonable inferences drawn in his favor. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–59, 90 S.Ct. 1598, 1608–09, 26 L.Ed.2d 142 (1970).

## III

■ Plaintiff alleges that defendants are liable to him for violations of the FCRA. The FCRA imposes civil liability only on consumer reporting agencies and users of consumer information.[2] Thus, plaintiff must show that defendants are either of those entities in order to withstand defendants' summary judgment motion.

The FCRA defines a consumer reporting agency as "any person which, for monetary fees ... regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information ... for the purpose of furnishing consumer reports to third parties." 15 U.S.C. § 1681a(f). By definition, a consumer report does not include "any report containing information solely as to transactions or experiences between the consumer and the person making the report." Plaintiffs allege only that defendants reported to third parties information regarding transactions between defendants and plaintiff. Defendants did not therefore furnish a consumer report regarding plaintiff, nor did they act as a consumer reporting agency with respect to him. *See e.g., Smith v. First National Bank of Atlanta*, 837 F.2d 1575, 1578 (11th Cir.), *cert. denied*, 488 U.S. 821, 109 S.Ct. 64, 102 L.Ed.2d 41 (1988);

---

2. 15 U.S.C. §§ 1681n relates to "Civil liability for willful noncompliance" (imposing liability on a "consumer reporting agency or user of information which willfully fails to comply with" the FCRA) and 1681o relates to "Civil liability for negligent noncompliance" (similarly, imposing liability on a "consumer reporting agency or user of information which negligently fails to comply with" the FCRA). *See also DiGianni v. Stern's*, 26 F.3d 346, 348 (2d Cir.), *cert. denied*, —— U.S. ——, 115 S.Ct. 252, 130 L.Ed.2d 173 (1994) (suggesting that the FCRA imposes liability only on "consumer reporting agencies" or " 'users' of consumer information").

*Rush v. Macy's New York, Inc.*, 775 F.2d 1554, 1557 (11th Cir.1985).

The FCRA does not expressly define the term "users of information" which is employed in §§ 1681n and 1681o of the FCRA. However, § 1681m, entitled "Requirements on users of consumer reports," requires users of consumer information who deny credit or increase rates for the same due to information contained in a consumer report to supply the consumer with the name and address of the consumer reporting agency that furnished the report. Here, plaintiff does not allege in his complaint that defendants denied him credit or insurance or increased the rates charged to him based on information obtained from a consumer report.[3] Plaintiff merely alleges that defendants reported information obtained through their transactions with plaintiff to a consumer reporting agency. For that reason, defendants are apparently not users of information for purposes of the FCRA. *Alvarez Melendez v. Citibank*, 705 F.Supp. 67, 69 (D.P.R. 1988) (defendant who merely furnished information to third parties regarding its credit experience with plaintiff "was not a user of consumer reports for the purpose of establishing civil liability under the FCRA"). By way of interest, see *Morrissey v. TRW Credit Data*, 434 F.Supp. 1107, 1108 (E.D.N.Y. 1977) (defendant who denied plaintiff credit on the basis of information obtained in a consumer report was a "user" for purposes of the FCRA); *Austin v. BankAmerica Service Corp.*, 419 F.Supp. 730, 731, 733 (N.D.Ga. 1974) (same).

Even if defendants are users as defined by the FCRA, plaintiff has not alleged any conduct on their part which violates the FCRA. The FCRA requires consumer reporting agencies, not those who merely report information to them, to report accurate information. *DiGianni*, 26 F.3d at 349; *Alvarez Melendez*, 705 F.Supp. at 70 ("Parties who do no more than furnish information to a credit reporting agency" are not covered by the FCRA).[4] Nonetheless, plaintiff argues that defendants, as users of consumer information, violated § 1681h(e) of the FCRA. § 1681h(e) is titled "Limitation of liability" and provides that

> no consumer may bring any action or proceeding in the nature of defamation, invasion of privacy, or negligence with respect to the reporting of information against any consumer reporting agency, any user of information, or any person who furnishes information to a consumer reporting agency, based on information disclosed pursuant to [the FCRA], except as to false information furnished with malice or willful intent to injure such consumer.

§ 1681h does not create a federal cause of action against persons who allegedly furnish false information regarding a consumer. *Mitchell v. First National Bank of Dozier*, 505 F.Supp. 176, 177–78 (M.D.Ala.1981). Instead, it grants both users of information and consumer reporting agencies "a qualified immunity from common law actions based on information which a consumer reporting agency was required by the [FCRA] to disclose. This immunity . . . is the *quid pro quo* for compulsory disclosure." *Freeman v. Southern National Bank*, 531 F.Supp. 94, 96 (S.D.Tex.1982). Thus, all this section does is to allow a plaintiff to bring a state law claim of defamation, invasion of privacy or negligence, provided such plaintiff alleges that defendants acted with malice or willful intent to injure plaintiff. *Alvarez Melendez*, 705

3. Plaintiff states, in his March 13, 1996 opposition to defendant's motion to dismiss at 2 (unnumbered), that the collection notices defendants sent plaintiff "implied that the plaintiff was being denied future credit because of the alleged balance due." That allegation is not supported by evidence in the form required by Fed.R.Civ.P. 56. In addition, plaintiff appears to allege that defendants' denial of credit, if any, was based on information defendants obtained through their experience with plaintiff and not through a consumer report furnished by a consumer reporting agency. Thus, that allegation, even if it was in appropriate Rule 56 form, does not support the proposition that defendants are "users" for purposes of the FCRA.

4. Where plaintiffs who have raised issues somewhat similar to those plaintiff has stated herein have sued the relevant consumer reporting agencies, courts have found that such plaintiffs stated a cause of action. See e.g., *Thornton v. Equifax, Inc.*, 619 F.2d 700 (8th Cir.), *cert. denied*, 449 U.S. 835, 101 S.Ct. 108, 66 L.Ed.2d 41 (1980); *Grant v. TRW, Inc.*, 789 F.Supp. 690 (D.Md.1992) (Motz, J.).

F.Supp. at 70. *But see Retail Credit Company v. Dade County, Florida,* 393 F.Supp. 577, 583 (S.D.Fla.1975) (suggesting that § 1681h(e) creates a federal cause of action for entities who furnish false information to consumer reporting agencies with malice or willful intent to injure a consumer); *Peller v. Retail Credit Company,* 359 F.Supp. 1235, 1237 (N.D.Ga.1973), *aff'd,* 505 F.2d 733 (5th Cir.1974) (same).

For those reasons, plaintiff has not herein stated a cause of action under the FCRA and defendants will be granted summary judgment regarding Count I of plaintiff's complaint. Plaintiff may, however, have a state law claim. Because this Court's jurisdiction to decide the FCRA claim was based on federal question jurisdiction, this Court must now consider whether it has jurisdiction to decide what appears to be a state law claim alleged in Count II of plaintiff's complaint. 28 U.S.C. 1332(a) grants such jurisdiction where the amount in controversy exceeds $50,000 and the parties' citizenship is diverse. Here, the parties are diverse for purposes of 28 U.S.C. § 1332(a). Plaintiff is a citizen of Maryland. Defendant Citicorp Credit Services, Inc. is incorporated in Delaware and maintains its principal place of business in New York, and is therefore a citizen of both states. 28 U.S.C. 1332(c)(1). Defendant Citibank (South Dakota), N.A. is a citizen of South Dakota, being incorporated and maintaining its principal place of business there. In addition, plaintiff seeks $50,000 in compensatory damages and $50,000 for attorney's fees and costs in connection with his state law claim. However, costs cannot be included in reaching the jurisdictional amount of $50,000. Nor may attorney's fees, not called for by state statute or contract, be so included. 14A C. Wright, A. Miller, E. Cooper, et. al, Federal Practice and Procedure: Jurisdiction 2d § 3712 at 176–77 (1985). For those reasons, this Court does not have diversity jurisdiction over the claim alleged in Count II.

As to supplemental jurisdiction pursuant to 28 U.S.C. § 1367, this Court will not exercise it in view of its grant *supra* of summary judgment in favor of defendants as to the federal claims in Count I. *Carnegie–Mellon Univ. v. Cohill,* 484 U.S. 343, 350, 108 S.Ct. 614, 619, 98 L.Ed.2d 720 (1988) ("when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of [supplemental] jurisdiction by dismissing the case without prejudice") (footnote omitted). *See also In re Conklin,* 946 F.2d 306, 324 (4th Cir.1991); *Hardy v. Birmingham Bd. of Educ.,* 954 F.2d 1546, 1550 (11th Cir.1992). Accordingly, this Court will dismiss Count II without prejudice. However, in any event, plaintiff's claims under Count II, if they were reached on the merits, would seemingly need to overcome the hurdles indicated by case law such as *Rhodes v. Ford Motor Credit Co.,* 951 F.2d 905 (8th Cir.1991) and *Grant v. TRW, Inc.,* 789 F.Supp. 690 (D.Md.1992) (Motz, J.).

For the reasons stated, *supra,* this Court, in a separate Order of even date herewith, will grant summary judgment in favor of defendants regarding Count I and dismiss Count II, without prejudice.