Nkiambi Jean LEMA, Plaintiff,

v.

CITIBANK (SOUTH DAKOTA), N.A.
and Citicorp Credit Services,
Inc., Defendants.

Civil No. K–95–3057.

United States District Court,
D. Maryland.

June 11, 1997.

Judith L. Fitzgerald, Baltimore, MD, for Plaintiff.

Robert W. Hesselbacher, Jr., Semmes, Bowen & Semmes, Baltimore, MD, for Defendants.

KAUFMAN, Senior District Judge.

On August 20, 1996, this Court filed an Opinion and an Order in this case granting summary judgment for defendants, Citibank (South Dakota), N.A. and Citicorp Credit

Services, Inc. (together, "Citibank") as to Count I of the complaint, and dismissing Count II without prejudice. On December 4, 1996, more than three months later, plaintiff filed a Motion for Leave to Amend Count II. On December 23, 1996, defendants filed a memorandum in opposition to plaintiff's said Motion for Leave to Amend. Plaintiff has not filed any further documents in this case.

■ While amendments pursuant to Federal Rule of Civil Procedure 15 are usually liberally permitted, such treatment is, for the most part, not extended after a final Order of Dismissal has been filed, as is the present situation in this case. *See Dorn v. State Bank of Stella,* 767 F.2d 442, 443 (8th Cir. 1985); 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1489 (2nd ed.1990). When such a final Order has been filed, a party who desires relief from that Order more than ten days after the entry of such Order must first utilize the standards of Federal Civil Rule 60(b), and then make the case for amending the pleadings.

■ In this instance, plaintiff has not proceeded under Rule 60(b), and has not demonstrated that judgment should be set aside for one of the six reasons specified in Rule 60(b), such as, mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, or fraud. Further, plaintiff has given no explanation for the delay of approximately three months in moving to amend the complaint after this Court's August 20, 1996 Opinion and Order. Rather, plaintiff's December 4, 1996 motion is a brief attempt to resurrect his suit by increasing the amount of alleged damages, so as to satisfy the jurisdictional requirements of the diversity statute, 28 U.S.C. § 1332—jurisdiction this Court's August 20, 1996 Opinion and Order found to be lacking. Under those circum-

stances, plaintiff may not prevail in connection with his aforementioned Motion for Leave to Amend.

■ The defendants have, in opposing plaintiffs said pending Motion for Leave to Amend, also pointed out that the plaintiffs state common law claim of negligence in Count II may be preempted by the federal Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"). As noted in this Court's August 20, 1996 Opinion, FCRA protects via qualified immunity those who furnish information to a consumer reporting agency pursuant to the provisions of the FCRA from state law claims. *See Lema v. Citibank,* 935 F.Supp. 695, 698 (D.Md.1996), *Rhodes v. Ford Motor Credit Co.,* 951 F.2d 905, 906 (8th Cir.1991); *Alvarez Melendez v. Citibank,* 705 F.Supp. 67, 70 (D.P.R.1988). This immunity is the "quid pro quo" for full disclosure. *See Lema,* 935 F.Supp. at 698; *Alvarez Melendez,* 705 F.Supp. at 70. "The immunity does not apply to common law actions based on false information furnished with malice or willful intent to injure the consumer, even if the information was disclosed pursuant to the Act." *Alvarez Melendez,* 705 F.Supp. at 70. Lema's proposed Amended Complaint incorporates and realleges the allegations set forth in his original Complaint with regard to his common law negligence claim. As Lema's original Complaint was practically devoid of the necessary allegations of malice and willful intent to injure Lema's reputation required to sustain a common law negligence action in the face of the FCRA's immunity provisions,[1] Lema's Amended Complaint must be similarly flawed. Accordingly, though this Court need not reach the issue of whether or not Lema can sustain a state common law claim against Citibank, as noted in this Court's earlier

---

1. Along with the defendants' Motion for Summary Judgment filed April 4, 1996, Citibank proffered an affidavit by Ms. Ryning, a manager for Citibank Credit Services, Inc., which specifically denied any malice or intent on the part of Citibank to injure Lema. When given the opportunity to counter this assertion by Citibank, Lema provided this Court with no appropriate Rule 56 proffer substantiating his claims of malice. Instead Lema offered the following conclusory statement in his Opposition to Defendants' Mo-

tion for Summary Judgment: "Additionally, it is implied through the actions of the Defendant, despite their contentions to the contrary, that they acted with malice and intent when they refused to amend Lema's file over a four year period." *See* Pl.'s Opp'n. to Mot. for Summ. J. at 4. Without more from Lema, had this Court decided to reach the issue of the viability of Lema's state law negligence claim, it appears that summary judgment would have been appropriate.

Opinion, it would appear likely that such a claim would be dismissed on immunity grounds. *See Lema,* 935 F.Supp. at 699.